470 So.2d 306 (1985)
Donald P. CRIST
v.
PARISH OF JEFFERSON.
No. 85-CA-22.
Court of Appeal of Louisiana, Fifth Circuit.
May 13, 1985.
*307 Irl R. Silverstein, Gretna, for plaintiff-appellant/appellee.
H.A. Vondenstein, Parish Atty., Craig J. Cimo, Asst. Parish Atty., Gretna, for defendant-appellee/appellant.
Before KLIEBERT, BOWES and CURRAULT, JJ.
KLIEBERT, Judge.
This is an appeal by defendant, the Parish of Jefferson, from a judgment granting the Parish's former employee, Donald Crist, plaintiff, $815.50 in "terminal leave compensation." Plaintiff also appealed contending the award is inadequate and the trial court erred in failing to award penalties and attorney's fees. For the reasons which follow, we reverse.
The plaintiff began his employment with the Parish on October 22, 1977 as an unclassified non-civil service employee. His employment was terminated on October 1, 1982. At the time of his employment, Section 3 of Jefferson Parish Ordinance No. 11775, enacted on September 5, 1974 and subsequently codified as Section 12-29 of the Code of Ordinances was in effect and provided as follows:
"The terminal leave compensation, payable monthly, shall be equal to one months's pay for each year of Parish service, or fraction thereof, by those eligible under this plan."
Also in effect at the time was Article 7, Section 14(A) of our 1974 Constitution which provides as follows:
Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
Subsequent to plaintiff's employment, Ordinance No. 14584 was enacted on December 17, 1980. Sections 2 and 3 of this ordinance provided as follows:
"Section 2That any and all contracts, explicit or implied, entered into pursuant to the provisions of Section 13-29 of the Code of Ordinance [formerly Ordinance No. 11775] repealed herein are hereby declared to be null and void and of no effect.
Section 3That all presently existing provisions for annual and sick leave benefits for unclassified employees of the Parish of Jefferson shall remain in full force and effect."
On termination, plaintiff made demand on the Parish for the payment of terminal leave compensation in the amount of $12,512.50. *308 When the demand was rejected, plaintiff filed this lawsuit. Thereafter, both parties filed motions for summary judgment. At the hearing on the motions, the parties stipulated: the amount of base pay on which the termination payments, if any, were to be calculated was $2,503.00; the plaintiff's employment period with the Parish was from October 22, 1977 through October 1, 1982; plaintiff was paid accrued annual leave of $7,222.50 at termination, and Ordinance No. 11775 was repealed effective December 27, 1980.
The trial judge concluded plaintiff was entitled to terminal leave compensation from the date of his employment, October 22, 1977 to the date of enactment of Ordinance No. 14584 which revoked Ordinance No. 11775. Then, based on a salary level of $2,503.00 per month the court computed a gross terminal leave compensation of $7,927.00 from which it deducted the annual leave payment of $7,111.50 previously paid to the defendant to arrive at the amount of the judgment award, i.e., $815.50.
On appeal plaintiff contends the court erred in (1) failing to compute the terminal leave compensation for the full time of his employment, and (2) deducting the accrued annual leave from the gross termination payments. On the other hand, the Parish argues the trial judge erred in awarding terminal leave compensation.
In support of his first contention, plaintiff argues the terminal leave benefits was payment for work performed. As we view it, the terminal leave compensation provided for by Ordinance No. 11775 was either a gratuitous or remunerative donation. Article 7, Section 14 of the 1974 Constitution, above quoted, makes no distinction between the types of donations it prohibits. Therefore, the prohibition contained in Article 7, Section 14(A) encompasses the terminal leave compensation in question here. Hence, we hold Ordinance No. 11775 became invalid at the moment the 1974 Constitution became effective. The case of Morial v. Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir.1976) is distinguishable from this case in that the facts involved there occurred prior to the effective date of the 1974 Constitution and hence were determined in accordance with the constitutional provisions in effect at that time.
Since Ordinance No. 11775 was invalid prior to plaintiff's employment by the Parish, plaintiff was not accruing terminal leave compensation nor could he be vested with a right to receive same. Accordingly, we reverse the trial court judgment and dismiss the plaintiff's suit. All costs of the suit are to be borne by the plaintiff.
REVERSED AND DISMISSED.