Dear Mr. Ganucheau:
You have requested an opinion of the Attorney General relative to the legal authority of a public hospital service district ("District") to pay severance compensation to former employees upon termination or resignation from employment. You specifically ask whether severance pay is permissible in lieu of giving the employees notice of termination. The employees, in question, are hired by the District's Chief Executive Officer ("CEO") and serve at his or her pleasure. Thus, contracts of employment are not executed in connection with these hirings.
The District was created in accordance with Act 180 of the 1984 Regular Session of the Louisiana Legislature ("Act 180"). The executive powers and duties of the CEO are set forth in Section 6 of said Act. Paragraph B(2) empowers the CEO to establish positions of employment and to appoint and employ personnel necessary for the operation of the District. The Act does not provide for a term of employment for these personnel, nor does it require notice of termination.
While the payment to public employees for accrued sick and/or annual leave and retirement benefits have been historically sanctioned, the entitlement to severance pay has not. Attorney General Opinion Nos. 78-1620 and 94-474.
The issue of severance pay was addressed in Crist v. Parishof Jefferson, 470 So.2d 306 (La.App. 5th Cir. 1985), Writ Denied at 474 So.2d 948. Therein, the defendant parish appealed from a judgment granting a former employee terminal leave compensation. At the time of his employment, a parish ordinance afforded terminal leave compensation equal to one month's pay for each year of parish service. In reversing the trial court's award of severance pay, the Court held:
 "As we view it, the terminal leave compensation provided for by Ordinance No. 11775 was either a gratuitous or remunerative donation. Article 7, Section 14 of the 1974 Constitution, above quoted, makes no distinction between the types of donations it prohibits. Therefore, the prohibition contained in Article 7, Section 14(A) encompasses the terminal leave compensation in question here. Hence, we hold Ordinance No. 11775 became invalid at the moment the 1974 Constitution became effective."
In Shows v. Morehouse General Hospital, 463 So.2d 884
(La.App. 2nd Cir. 1985), writ denied, plaintiff, a former public hospital director appealed from a judgment rejecting his demands to enforce a provision of his employment contract that two years notice or two years full salary would be given him if he was terminated. On the contractual issue, the Court held:
 "In the absence of a special law . . . it is against public policy to permit public boards to contract away the right to remove employees at will by entering into contracts of employment for definite periods of time. If the contract be construed as one requiring either two years `reasonable notice' to Shows before termination or as one that guarantees a two-year term of employment, Shows does not have a cause of action for damages for wrongful termination because the ordinance authorizing the advisory commission to hire a director did not authorize a term of employment . . . . A contract for a term under such conditions is ultra vires
and unenforceable."
Based on the above cited authorities, and, given the factual circumstances set forth in your request, Article VII, Section 14 of the 1974 Constitution prohibits District employees from receiving severance compensation.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: _____________________________________ ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob, III/cla
Date Received:
Date Released:
Robert E. Harroun, III Assistant Attorney General