Dear Mr. Burton:
You have requested an opinion of the Attorney General regarding the Beauregard Memorial Hospital (Hospital) which is wholly owned by Hospital Service District No. 2 of the Parish of Beauregard (District). You state that the District has entered into a contract for the management of the Hospital with Louisiana Health Services, Inc. (LHS), a nonprofit corporation. The District has incurred debt through the issuance of two series of revenue bonds. Neither issue has been fully retired and revenues derived from the operation of the Hospital are currently being used to retire this bonded indebtedness.
You further state that all income and revenues derived from the operation of the Hospital are deposited daily in the Hospital Operating Fund (Fund) established with a regularly designated fiscal agent for the District, all in accordance with the terms and provisions of the Bond Resolutions. The District transfers moneys from the Fund for the payment on its bonded indebtedness and, to LHS, for the payment of the Hospital's month-to-month operating expenses.
You indicate that LHS is in the process of reviewing its policies and procedures concerning staff reduction. One of the proposals under review is the provision of financial assistance in the form of severance pay should a reduction in work force be necessary. You specifically ask whether funds transferred by the District to LHS for the payment of the hospital's operating expenses can be used for the payment of severance pay to LHS employees.
The jurisprudence of this state, as well as a consistent line of opinions issued by this office, have concluded that Article VII, Section 14 of the 1974 Louisiana Constitution prohibits the use of public funds for severance compensation.Crist v. Parish of Jefferson, 470 So.2d 306 (La.App. 5th
Cir. 1985) writ denied; Shows v. Morehouse General Hospital,463 So.2d 884 (La.App. 2nd Cir. 1985) writ denied; and Attorney General Opinion Nos. 99-52, 96-29, 95-463 and 94-474. Thus, the issue of the legal authority to grant severance pay to LHS employees is controlled by the nature of the funds from which the payments are to be made.
It is our understanding that, under the terms of the management agreement, the District has delegated significant powers to LHS. In fact, the District has granted full and complete charge of the management and operation of the Hospital solely to LHS. It is apparent that, once the District transfers moneys from the Fund to LHS, the nonprofit corporation has full discretion in the expenditure of these funds for the operation of the Hospital.
Based on the funding scenario presented herein, as well as the broad powers and discretion delegated to LHS for the payment of the operating expenses of the Hospital, we are of the opinion that LHS can use the funds it receives from the District for severance pay for LHS employees.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 By: _______________________________________________ ROBERT E. HARROUN, III Assistant Attorney General
RPI/REH, III/sfj