Dear Representative Hill:
Reference is made to your recent request for an opinion of this office regarding one-time salary supplements for municipal employees.
Based on your letter and telephone conversation with the undersigned, it is our understanding that certain municipalities within your District are the recipients of gaming revenues received pursuant to the terms and conditions of a compact entered into with an Indian tribe for operation of a casino. These municipalities have, or would like to utilize, a portion of these revenues to provide their employees and retirees with a one-time salary supplement.
Specifically, you ask:
 "Is it permissible for a municipality to pay a one time salary supplement to employees and retirees of said municipality from gaming revenues derived from casino operations under the following conditions:
 a. a resolution to define and order distribution of a salary supplement from gaming revenue received is passed by the municipality (the gaming revenue is specifically designated for the salary supplement);
 b. supplement is funded exclusively from proceeds of said gaming revenue; and
 c. supplement excludes council members, part-time employees and substitute labor."
Implicitly, your question must be addressed in light of La. Const. Article VII, Section 14, which provides, in pertinent part:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has written a number of opinions pertaining to employee compensation, and we have consistently opined that the payment of gratuitous, unearned payments to public employees is prohibited, as same would be tantamount to a donation. See: Attorney General's Opinions Nos. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806. We note that various attempts to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the listed opinions were found to be constitutionally infirm.
On the other hand, this office does not consider Article VII, Section 14 to prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. Attorney General's Opinions Nos. 99-137, 97-190, 94-241. In our opinion, whether a payment of money is a donation or earned compensation, is really a factual determination. We find support for this position in State v.Davis, 359 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied541 So.2d 840. Therein, the Court held:
 "We are presented with a factual determination: were the two payments which defendant paid to himself extra compensation for past services rendered or salaries for services rendered but for which no salary was drawn when services were rendered?"
Essentially, in accordance with the above cited opinions and the Davis case, the constitutionality of a particular payment to a public employee is determined by whether the payment is made out of a motive of beneficence solely to enrich the employee or whether the payment is deserved, and made as reasonable recompense for valuable performance or service for which the employee is not otherwise adequately compensated. Attorney General's Opinion Nos. 97-190 and 95-323, 94-241.
In our opinion, in order for a municipality to constitutionally provide its employees with a one-time salary supplement, the municipality must do more than merely adopt a resolution authorizing the supplement and designating the source of funds from which it shall be paid. However, if the municipalities referred to in your letter keep the above principles and guidelines in mind, it is our opinion that a constitutionally sound plan for the issuance of one time salary supplements could be crafted. In order to assist them in that endeavor, I am enclosing copies of the opinions referred to herein.
We trust the foregoing to be of assistance. Should you or any of the municipalities in question need further assistance, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv Enclosures
 State of Louisiana DEPARTMENT OF JUSTICE Baton Rouge 70804-9005
RICHARD P. IEYOUB P.O. Box 94005 ATTORNEY GENERAL TEL: (504) 342-7013 FAX: (504) 342-7335
 MAY 12, 1992 OPINION NUMBER 92-295
90-A-1 Public Funds or Contracts La. Constitution Art. VII, Sec. 14
Mr. Bernard F. Duhon Bernard F. Duhon, LTD. Incentive pay plan may be used to P.O. Box 59 regard extraordinary individual job 111 Concord St. Suite B performance, but not as a bonus to Abbeville, La 70511-0059 employees for overall financial performance of hospital.
Dear Mr. Duhon:
You have requested the opinion of this office as to whether an incentive pay plan for Abbeville General Hospital employees, providing for a bonus of a fixed percentage of their salary and based upon the hospital's overall financial performance at a per-determined level, is constitutional under Louisiana Constitution Article VII, Section 14 and La. R.S. 33:1891.
Article VII, Section 14 provides in part:
 (a) Except as provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged or donated to or for any person, association, or corporation, public, or private.
Your request also sought review of La. R.S. 33:1982, however this statute is applicable to municipalities only and therefore is not relevant to compensation paid by hospital service districts to their employees.
In response to a similar opinion request, Opinion Number 89-112 opined that an incentive pay plan could pass constitutional muster if the incentive pay was awarded for employee achievements beyond the scope of ordinary duties. However, Opinion Number 89-328 opined, "If the bonuses are simply spontaneous payments for past performance, they are unconstitutional donations of public funds."
The information you have provided to us on the incentive pay plan proposed for Abbeville General does not appear to meet constitutional criteria, since it is the Hospital's overall financial performance rather than the individual employee's extraordinary effort which is the determinate of extra pay.
Still, it does appear that an acceptable incentive pay plan can be fashioned taking into consideration the criteria suggested above.
I trust that this answers your inquiry. Please advise if we can be of further assistance.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: GLENN R. DUCOTE Assistant Attorney General
GRD:251
 State of Louisiana DEPARTMENT OF JUSTICE Baton Rouge 70804-9005
RICHARD P. IEYOUB P.O. Box 94005 ATTORNEY GENERAL TEL: (504) 342-7013 FAX: (504) 342-7335
 OPINION NUMBER 92-282
90-A-2 PUBLIC FUNDS — 100 Mr. Ted Cason School School Districts-Teachers, Superintendent Principals Superintendent, Tangipahoa Parish School System Sabbatical Leave, extracurricular Post Office Box 457 activities, Students Amite, Louisiana 70422 La. Const. (1974), Art. VII, Sect. 14(A) Atty. Gen. Op. Nos. 76-906, 87-768, 89-190, 89-328 and 89-411
 A monetary award given to a teacher for perfect attendance during the school year would be an unconstitutional donation of public funds, a violation of Article VII, Section 14 of the Louisiana Constitution (1974) since it is extra compensation for services rendered in the past.
Dear Mr. Cason:
You have requested an Attorney General's opinion as to whether or not a teacher may be given a monetary award for having perfect attendance for a given school year.
It is the opinion of our office that this type of award would be considered a bonus. The loaning, pledging, or donating the funds of the state or political subdivisions is prohibited by Article VII, Section 14(A) of the Louisiana Constitution (1974). Article VII, Section 14(A) states:
 Prohibited uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . .
In McElveen v. Callahan, 309 So.2d 379 (La.App. 3rd Cir. 1975), the court held:
 The payment of bonuses to public employees is illegal, whether paid directly as such or disguised as payment for extra duties or overtime. Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered.
(Underlining is own our emphasis).
The type of award that you have proposed would clearly be extra compensation for past services rendered. This office has consistently held that such bonuses or incentive plans are in contravention of Article VII, Section 14 of our Constitution. (See Attorney General Opinion Numbers 76-906, 87-768, 89-190, 89-328, 89-411).
In Opinion Number 87-318, we reviewed a proposed "incentive pay plan" that would pay employees if they did not use sick or personal leave and stated that such a plan would be violative of Article VII, Section 14(A) as it would be an illegal donation. In that opinion we discussed a case that is on point with your question. In Louisiana Association ofEducators v. Concordia Parish School Board, 441 So.2d 9
(La.App. 3rd Cir. 1983) the trial court upheld the constitutionality of an incentive pay plan that provided for payment to teachers of $40.00 per day for each day of sick leave not used and a $100.00 "bonus" for perfect attendance. The Court of Appeal dismissed the appeal holding that the issue was moot because there was no evidence of an intention to implement the plan in the future. But as stated in Attorney General Opinion Number 87-318, it stands that "this office in citing this case does not intend to express its concurrence in the result."
In conclusion, it is the opinion of this office that a monetary award given to a teacher for perfect attendance during the school year would be an unconstitutional donation of public funds since it is extra compensation for services rendered in the past.
I trust that this answers your inquiry. If, we can be of any further assistance please contact us.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: BETH A. CONRAD Assistant Attorney General
RPI/BAC:pab 06441
 State of Louisiana DEPARTMENT OF JUSTICE Baton Rouge 70804
WILLIAM J. GUSTE, JR. TELEPHONE: ATTORNEY GENERAL 504-342-7013
 April 13, 1989 OPINION NUMBER 89-190
Mr. Elwyn Bocz 90-A-2 — PUBLIC FUNDS — Area Supervisor — Administration Loan, Pledge or Grants K. P. Poirrier, Ed. D. Art. VII, § 14 of La. Constitution Superintendent St. James Parish School Board Retroactive pay raises to school Lutcher, Louisiana 70071 employees are unconstitutional gratuities.
Dear Mr. Bocz and Dr. Poirrier:
You have requested an opinion as to whether or not the St. James Parish School Board can give a retroactive pay raise to its employees. In our opinion it is well-settled legally that such a retroactive pay-raise is a gratuity which violates Art. VII, § 14 of the Louisiana Constitution of 1974.
Art. VII, § 14A of the Constitution prohibits the gratuitous alienation of public property, funds or things. The courts and the Attorney General in opinions have found that prospective compensation for future services in the form of bonuses, incentives or pay raises are not gratuitous and therefore do not violate this provision of the Constitution. Opinions Atty. Gen., No. 76-906; No. 89-112.
Retroactive compensation has not passed this constitutional test. Interpreting the nearly identical constitutional prohibition of the 1921 Constitution, the Third Circuit Court of Appeal ruled: "Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered."McElveen v. Callahan, 309 So.2d 379 (La.App. 3rd Cir. 1975). In our opinion this interpretation remains correct of the correlative provision of Art, VII, § 14A of the Louisiana Constitution (1974)
Accordingly, the retroactive pay raises proposed in your opinion request are unconstitutional.
Trusting this to be sufficient information, I am
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: Charles J. Yeager Assistant Attorney General
CJY:tm
 State of Louisiana DEPARTMENT OF JUSTICE Baton Rouge 70804
WILLIAM J. GUSTE, JR. TELEPHONE: ATTORNEY GENERAL 504-342-7013
 October 24, 1988 OPINION NUMBER: 88-344
58 — Labor — Labor law, Unions Mr. Robert L. Simpson La. C.C.P. Art. 7, Sec. 14 (1974) City Attorney City of Harahan RE: Retroactive compensation to 6437 Jefferson Highway city employees for services Harahan, Louisiana 70123 previously compensated by the city is prohibited by Art. 7, Sec. 14, of the 1974 Louisiana Constitution. Dear Mr. Simpson:
A joint request for an Attorney General's opinion has been made by you and Harahan Police Chief, John Doyle. The issue is whether the Harahan Board of Aldermen may, in 1988, compensate three (3) city employees for work performed by the employees in 1987. It is the opinion of this office that retroactive compensation to city employees for services previously compensated by the city is prohibited by Article 7, Sec. 14 of the 1974 Louisiana Constitution.
According to the facts presented to this office three (3) city employees worked 30 hours a week prior to 1987. In to 35 hours per week. These employees received no increase in salary for the additional work hours. Two (2) other city employees hired in 1987 for 30 hours per week. In 1988 the mayor resigned. His successor reduced the affected employees' work week to 30 hours per week. There was no change in the compensation. Later, in 1988 the Harahan Board of Aldermen voted to authorize payment of additional compensation to pay for the extra five hours per week worked by the employees. The additional compensation was determined by multiplying the number of additional hours by the rate per hour.
Article 7, Sec. 14 provides in part:
 "(A) Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
The legality of retractive compensation to public employees was reviewed by the courts in McElveen vs. Callahan,309 So.2d 379 (C.A. 3, 1975); Writ denied 313 So.2d 602 (La., 1975). The McElveen v. Callahan case involved retroactive payment by a local marshal to three (3) of his employees. The compensation was given for performing extra duties and working overtime. The Court of Appeals, citing Opinions of the Attorney General, held that:
 "The payment of bonuses to public employees is illegal, whether pain directly as such or disguised as payment for extra duties or overtime. Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered . . ."
Public officials have the discretion to set the number of hours per week that public employees must work. Absent any agreement with the employees no overtime or extra compensation must be paid if the number of work hours per week do not exceed 40 hours per week. In the present situation, the three (3) city employees were required to work 35 hours a week in 1987, rather than 30 hours per week for the same compensation. The decision of the previous mayor to increase the number of work hours without increasing compensation was one he was authorized to make. Since the employees have received compensation for the hours they worked in 1987 they cannot receive any additional compensation.
This office has consistently ruled that retroactive pay for services previously rendered and compensated violates Art. 7, Sect. 14 of the Constitution. See Op.Atty.Gen., #80-806 and #86-639, copies of which are attached to this opinion. In conclusion, the Harahan Board of Aldermen is prohibited by the Constitution from giving extra compensation to the three (3) city employees for work they were compensated for by their 1987 salary.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: J. MARVIN MONTGOMERY Assistant Attorney General
JMM:rmh
cc: John J. Doyle L. Gordon King
 State of Louisiana DEPARTMENT OF JUSTICE Baton Rouge 70804-9005
WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 October 3, 1986 OPINION NUMBER 86-639 15-A . . . . . . CONSTITUTION LAW 90-A-2 . . . . . PUBLIC FUNDS — LOAN, PLEDGE, GRANTS
Ms. Linda Bennett Director Retroactive payment of salary Allen Parish Libraries increases to public employees Post Office Box 400 constitutes donation and is Oberlin, Louisiana 70655 proscribed by La. Const. Art. VII § 14(A).
Dear Ms. Bennett La. Const. Art. VII § 14(A)
In your letter dated September 10, 1986, you requested an opinion concerning the giving of retroactive salary increases to public employees. These payments represent salary increases from the time the Library Board of Control contingently adopted a salary proposal, to the time the money became available from reserve legal fees.
Such retroactive payment would constitute remuneration for services already rendered and compensated. In effect, these payments would be donations of public funds which is proscribed by Article VII, Section 14 provides in part:
 (A) Except as otherwise provided by this Constitution, the funds, credit, property, or things of value of the State or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
In response to a similar request, this office concluded in Attorney General's Opinion 80-806 that, ". . . . .retroactive pay raises for services previously rendered and compensation violate Article VII, Section 14 of the Constitution. The salary adjustments should relate only to future services." In McElveen v. Callahan, 309 So.2d 379 (3rd Cir. 1975), at Page 381, the Court stated, "Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered."
Ms. Linda Bennett OPINION NUMBER 86-639 October 3, 1986 *Page 2 
In conclusion, the raises cannot be paid retroactively, notwithstanding the fact that the Board had previously approved the increases. The approval was contingent upon obtaining the funds; thus, could not have been effective until that date.
Very truly yours,
 WILLIAM J. GUSTE, JR. Attorney General
 BY: KENNETH C. DEJEAN Chief Counsel
KCD/lg
 State of Louisiana DEPARTMENT OF JUSTICE December 29, 1983
WILLIAM J. GUSTE, JR. 7TH FLOOR ATTORNEY GENERAL 2 — 3 — 4 LOYOLA BUILDING NEW ORLEANS 70112-2096
 OPINION NO. 83-940 A
90-A-2 PUBLIC FUNDS — LOANS, PLEDGES, GRANTS 110 STATE — SURPLUS PROPERTY Clarifies Op.Atty.Gen. 83-940. Although incentive awards to Honorable Rose Marie Johnson employees are generally Town Clerk improper, employees may Town of Basile receive merit awards in P.O. Box 308 accordance with R.S. Basile, La. 70515 33:1891-94 for unusual and meritorious suggestions, actions, etc. Op.Atty.Gen. 83-940 R.S. 33:1891 et seq.; R.S. Dear Clerk Johnson: 33:1892 1974 La. Const. Art. VII, § 14
This opinion is issued as a corollary to our Opinion No. 83-940. That opinion stated that safety awards in the form of work clothes and other work related material may not be given as incentives to employees. Incentives are improper where they are given in the merehope that valuable service will result, as well as when they serve as extra compensation for services previously performed.
A municipality may, however, grant merit awards to full-time permanent employees by following R.S. 33:1891 et seq. Merit
awards are distinguishable from incentive awards, as they reward unusual and meritorious suggestions, actions, procedures and accomplishments by employees which promote economy and efficiency in the performance of any function of the municipal government. See R.S. 33:1892. Otherwise stated, merit awards as contemplated by R.S. 33:1891 et seq. are those given in return for special benefits that the municipality receives, or for performance not ordinarily expected or required by the employee. A case-by-case determination should be made.
Merit awards do not violate the 1974 La. Const. Art, VII, § 14
prohibition against gifts as they are for services rendered and not as mere gratuities.
We hope that this amplification of the law will assist your community.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: MAUREEN J. FERAN Assistant Attorney General
MJF:cc
State of Louisiana 94 Schools School Districts DEPARTMENT OF JUSTICE Administration, Government, a Baton Rouge Office 70804 10 Schools School District WILLIAM J. GUSTE, JR. Teachers, Principals and ATTORNEY GENERAL Superintendents, Sabbatical Leave, extracurricular January 6, 1982 activities.
 OPINION NUMBER 81-1329 School board may not grant employees bonus for perfect attendance. Art. VII Section 14 Const.
Mr. Thomas Tate Director Louisiana Association of Educators Post Office Box 479 Baton Rouge, Louisiana 70821
Dear Mr. Tate:
In your letter of December 11, 1981, you requested an opinion regarding the validity of a parish school board's incentive pay plan. The plan proposes to compensate school board teachers and other employees for not using their statutorily alloted ten days of sick leave. You also asked if the funding for this plan was proper, being derived from a sales tax designed to benefit all employees.
Teachers and other school board employees receive an annual salary representing just compensation for services rendered. A teacher is to receive a certain amount of compensation for each working day. If a teacher is not absent, or if a teacher is absent up to ten days the amount of daily compensation is the same. To pay a teacher the amount to which she is entitled for 180 days of service plus and additional sum for perfect attendance would constitute a bonus.
In accordance with Article VII, Section 14 of the 1974 Louisiana Constitution, the funds of the state or any political subdivision shall not be loaned, pledged or donated to any person. Granting a bonus to teachers or other school board employees would constitute a prohibited donation of public funds.
Mr. Thomas Tate *Page 2 
January 6, 1982
In conclusion, it is the opinion of this office that a school board may not give its employees a bonus for perfect attendance. It is therefore unnecessary to address your second inquiry relative to the funding of such a program.
Sincerely,
 WILLIAM J. GUSTE, JR. Attorney General
 BY CYNTHIA D. YOUNG Staff Attorney
CDY:jhg
 State of Louisiana DEPARTMENT OF JUSTICE Baton Rouge 70804
WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 July 16, 1980 OPINION NUMBER 80-806 90-A-2 . . . PUBLIC FUNDS-LOAN, PLEDGE OR GRANTS 71 . . . MUNICIPALITIES
Retroactive salary adjustment for Mr. Glenn M. Weber services already compensated prohibited. Chief Administrative Officer Office of the Mayor Art. VII § 14, La. Const. of 1974 Post Office Box 4017-C Lafayette, Louisiana 70502
Dear Mr. Weber:
In your letter of June 13, 1980 you requested an opinion regarding retroactive salary adjustments for public officials. The adjustment is to be a reimbursement for departmental directors who received a less than average salary adjustment between November 1, 1979 and June 2, 1980.
Such a reimbursement would, in effect, be a lump sum payment for services previously compensated. Article VII, Section 14
of the 1974 Louisiana Constitution prohibits certain uses of public funds. Section 14 provides in part:
 "(A) Except as otherwise provided by this constitution, the funds, credit, property, or thing of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
In McElveen v. Callahan, 309 So.2d 379, 381 (3rd Cir. 1975), the court stated:
 "Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered."
Mr. Glenn M. Weber OPINION NUMBER 80-806 July 16, 1980 *Page Two 
In response to a similar request, Attorney General's Opinion No. 78-813 concluded, "A search of the applicable Louisiana law reveals no authority which would authorize a school board to grant retroactive pay raises."
In conclusion, retroactive pay raises for services previously rendered and compensated violates Article VII, Section 14 of the Constitution. The salary adjustments should relate only to future services.
Very truly yours,
 WILLIAM J. GUSTE, JR. ATTORNEY GENERAL
 BY: KENNETH C. DEJEAN ASSISTANT ATTORNEY GENERAL
KCD:lg
 State of Louisiana One American Place DEPARTMENT OF JUSTICE 301 Main Street, Suite 600 CIVIL DIVISION P.O. Box 94005 Baton Rouge TEL: (504) 342-7013 70804-9005 FAX: (504) 342-2090
RICHARD P. IEYOUB ATTORNEY GENERAL
 June 9, 1999 OPINION NUMBER 99-137 OPINION NUMBER 99-137 77-A STATE OFFICERS 90-A-2 PUBLIC FUNDS — LOAN,
Mr. Frank H. Perez PLEDGE OR GRANT
General Counsel, Bureau of Legal Services LA., CONST. ART. VII, SEC.
Department of Health and Hospitals 14; LA. CONST. ART. X, SEC. 10(A)
Post Office Box 3836 Baton Rouge, Louisiana 70821-3836 A properly administered rewards and recognition program established pursuant to the provisions of Civil Service Rule 6.16.1 is constitutional. Dear Mr. Perez:
Reference is made to your recent request for an Attorney General's opinion on behalf of the Department of Health and Hospitals ("DHH"). According to your correspondence, DHH desires to implement a recognition and rewards program for its employees, in accordance with Civil Service Rule 6.16.1.
As you are aware, La. Const. Art. X, Sec. 10(A) vests the State Civil Service Commission (the "Commission") with "broad and general rulemaking" authority "for the administration of the classified civil service, including the power to adopt rules for regulating compensation and disbursements to employees, and other personnel matters and transactions and generally to accomplish the objectives and purposes of the merit system of civil service." Civil Service Rule 6.16.1, adopted pursuant to the authority vested in the Commission by Art X, Sec. 10(A), allows an appointing authority to implement a program of recognition and rewards for its employees, including monetary awards.
On behalf of DHH, you question whether such a program is constitutional, in light of La. Const. Art. VII, Sec. 14(A), which prohibits the donation of public funds, credit, property or things of value by the state to or for any person, association, or corporation. You also point out that this office has previously rendered opinions to the effect that monetary awards to employees are prohibited by Art. VII, Sec. 14(A), although the awarding of certificates and pins of modest value that identify the employee's association with the State of Louisiana are permissible.
It is the opinion of this office that the Civil Service Commission is vested with broad rulemaking authority, as well as essentially exclusive authority to regulate the compensation provided to the classified service; of course, the Commission must also respect the limitations of Art. VII, Sec. 14. The Commission does not
Mr. Frank Perez OPINION NUMBER 99-137 *Page -2- 
have the power to authorize appointing authorities to violate Art. VII, Sec. 14. However, it is also our opinion that a constitutionally sanctioned recognition and rewards program, that does not violate Art. VII, Sec. 14 can be implemented by appointing authorities in accordance with Civil Service Rule 6.16.1.
Art. VII, Sec. 14 does not prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. In accord: Attorney General's Opinion Nos. 95-323, 95-165A, 94-241. Of course, the payment of gratuitous unearned payments to public employees is prohibited, as such payments are tantamount to donations. See: Attorney General's Opinion Nos. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806.
This office has recognized as constitutionally permissible incentive pay plans which promise additional but reasonable future compensation for future performance by a public employee which is of demonstrable public benefit. To meet constitutional requirements, such incentive programs must be legally and formally adopted by the agency, board or commission, and must advise what the employee must do or accomplish in the future in order to be considered for additional compensation such as a reward or recognition. Attorney General's Op. No. 97-190. Additionally, the amount of the award or pay must be reasonable in relation to the nature of the employee performance and the public benefit realized. Attorney General's Op. No. 90-128.
The determination as to whether a payment of money is a donation or earned compensation is actually a factual determination. Attorney General's Op. No. 92-198; State v.Davis, 539 So.2d 803 (La.App. 3rd Cir. 1989), Writ denied. The constitutionality of a particular payment to a public employee is determined by whether the payment is made out of a motive of beneficence solely to enrich the employee or whether the payment is deserved and made as reasonable recompense for valuable performance or service for which the employee is not otherwise adequately compensated. Attorney General's Opinion Nos. 97-190 and 95-323.
It is beyond the purview of the Attorney General's Office to determine the reasonableness of the particular awards referred to in DHH's proposed Recognition and Rewards Policy as we are not in a position to determine the value of the corresponding benefits that will be received by DHH. Please be advised, however, that it is our opinion that a properly administered rewards and recognition program established pursuant to the provisions of Civil Service Rule 6.16.1 is constitutional and does not violate La. Const. Art. VII, Sec. 14.
Mr. Frank H. Perez OPINION NUMBER 99-137 *Page -3- 
As long as the appointing authority is confident that the payments or rewards made pursuant to such a program are reasonable with regard to the value of the benefit received by the agency, then such payments should not be considered to be donations in either the vernacular or constitutional sense of the word. Rather, rewards made in accordance with such a program are more properly characterized as additional compensation, or an earned benefit of employment.
We find support for the position taken herein in Morial v.Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir. 1976), writ denied, 337 So.2d 530 (1976), which upheld the constitutionality of a statutory formula for determining the amount to be paid a teacher who is absent in excess of her accumulated sick leave days, and stated that the financial benefit created thereby was "earned by virtue of the employment itself"; and City of Port Allen v. Louisiana Municipal RiskAgency, Inc., 439 So.2d 299, [439 So.2d 399], (La. 1983), which upheld the Morial decision and stated, in footnote 6, that even thought the plaintiff Morial received pay for a period in excess of her sick leave, "this was still `earned' compensation, not a gratuity."
We trust the foregoing to be of assistance. Please do not hesitate to contact us if we can assist you in other areas of the law.
 Yours very truly, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv cc: Robert Boland
 State of Louisiana DEPARTMENT OF JUSTICE Baton Rouge 70804-9095
RICHARD P. IEYOUB P.O. Box 94095 ATTORNEY GENERAL Tel: (504) 342-7013 Fax: (504) 342-3885
 AUGUST 14, 1995 OPINION NUMBER 95-323
Mr. J. Michael Orlesh, Jr. 90-1 Port Commissions
Senior Executive Counsel 90-A-2 Public Funds — Loan,
Board of Commissioners of the Pledge or Grants
Port of New Orleans Post Office Box 60046 Article VII, Section 14(A)
New Orleans, Louisiana 70160 of the 1974 Louisiana Constitution
 Proposed pay plan submitted by the Port of New Orleans constitutes earned compensation and is not a donation prohibited by Article VII, Section 14.
Dear Mr. Orlesh:
You have requested an opinion of the Attorney General relative to a proposed one-time structured salary increase of limited duration to the unclassified employees of the Port of New Orleans ("Port"). The proposed plan will affect the compensation of all twenty-five unclassified employees, and is intended to serve as an inducement to these employees to continue their employment with the Board by better ensuring that their compensation remain competitive within the port and maritime industry.
You state that the salary supplements under the proposed plan will have prospective effect, only, and be granted by the management of the Port either in one lump sum payment or over an extended period of up to twelve months. The salary increases will also be predicated upon an annual comprehensive performance evaluation process reflected by an extensive employee evaluation form.
You further state that the amount of the increase would be calculated as a fixed percentage of the employees' current annual salary, but would not affect the employees' base salary. You ask whether such a pay plan, under the circumstances described above, is legally permissible.
We find the issue presented herein to be controlled by the provisions of Article VII, Section 14(A) of the 1974 Louisiana Constitution, which provides, in pertinent part, the following:
 "Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private"
This office has consistently opined that the payment of a bonus, or any other gratuitous unearned payment to public employees is prohibited, as same would be tantamount to a donation. In accord our Attorney General Opinion Nos. 95-165, 92-295, 92-282, 89-190, 88-344, 86-639, 83-940-A, 81-1329 and 80-806.
Mr. J. Michael Orlesh, Jr. Opinion No. 95-323 *Page -2- 
Essentially, all of these authorities cite the well-established rule that payments of additional compensation to public employees, to be constitutionally valid, must be in the form of salary increases for future services to be rendered, not extra compensation for past services already rendered and recompensed. Various methods attempting to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the authorities cited above were found to be equally invalid.
Conversely, this office does not consider Article VII, Section 14 to prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited. In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position inState v. Davis, 359 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied. Therein, the Court held:
 "We are presented with a factual determination: were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when the services were rendered.?" (Emphasis added.)
We have reviewed the factual scenario presented under the proposed pay plan presented in your request. It is our opinion that the proposed pay plan cannot be construed as an attempt by the Port to make a "donation" to its unclassified employees. Rather, the supplement constitutes earned compensation.
Accordingly, it is the opinion of this office that the pay plan proposed by the Port constitutes earned compensation and, therefore, does not violate the provisions of Article VII, Section 14.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I am
 Very truly yours, RICHARD P. IEYOUB
Attorney General
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/cla
 State of Louisiana DEPARTMENT OF JUSTICE Baton Rouge 70804-9005
RICHARD P. IEYOUB P.O. Box 94005 ATTORNEY GENERAL TEL: (504) 342-7013 FAX: (504) 342-7335
 JUNE 3, 1994 OPINION NUMBER 94-241 90-A-2-PUBLIC FUNDS — LOAN, PLEDGE OR GRANTS
 La. CONST (1974) Art. VII, Sec. 14
Mr. Robert R. Boland, Jr. A one-time supplemental payment General Counsel to state employees does not Department of Civil Service violate the Constitution, as P.O. Box 94111, Capitol Station same is earned compensation as Baton Rouge, Louisiana 70804-9111 opposed to a prohibited donation.
Dear Mr. Boland:
Reference is made to your recent request for the opinion of this office regarding the State Civil Service Commission's consideration of a pay plan for state classified employees, which plan would provide a supplemental payment to such employees for work performed between July 1, 1994 and November 30, 1994. As you have pointed out, the Commission's authority to adopt pay plans can be found in La. Const. Art. X, Sec.10(A)(1).
According to your letter, the amount of this one time supplemental payment would be five (5%) percent of the employee's annual salary determined as of November 30, 1994, with a maximum of $1,200. You further advise that the supplemental payment would be prorated based upon the period of employment between July 1, 1994 and November 30, 1994. Additionally, it is our understanding that an employee would only be eligible to receive the payment if the employee remains employed on the date the pay increase is distributed, which date will be after November 30, 1994.
The question presented is whether such a pay plan, under the conditions described above, constitutes a donation prohibited by La. Const. Art. VII, Sec. 14(A). La. Const. Art. VII, Sec.14(A) pertinently provides:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
Mr. Robert Boland OPINION NUMBER 94-241 *Page -2- 
This office has consistently opined that the payment of a bonus, or any other gratuitous, unearned payment to public employees is prohibited, as same would be tantamount to a donation. Attorney General's Opinions Nos. 92-282, 83-940A, 81-1329.
However, this office does not consider Art. VII, Sec. 14 to prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. In our opinion, whether a payment of money is a donation or earned compensation, is really a factual determination.
Pertinent in this regard is the decision rendered in State v.Davis, 539 So.2d 803 (La.App. 3rd Cir. 1989), w.d. 541 So.2d 840. In Davis, suit was brought by the Attorney General's office to recover certain payments from child support enforcement program funds, which payments were made by a former district attorney to himself during the last days he held office. The state sought to obtain return of ". . . bonus payments as distinguished from earned payments". The court stated:
 "We are presented with a factual determination: were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when the services were rendered?"
Also pertinent is McElveen v. Callahan, 309 So.2d 379 (La.App. 3rd Cir. 1975), wherein the court had to determine whether certain payments made by a marshall to three of his employees were in violation of La. Const. (1921) Art. IV, Sec. 12, a provision quite similar to present Art. VII, Sec. 14. The court stated:
 "We affirm the finding of fact by the trial judge that the payments made by the marshall to his employees were bonuses, disguised as compensation for extra services or overtime. (Emphasis added).
With regard to the facts presented, we are aware that the employees of this State have not had a general pay increase since July of 1990, and believe they deserve a pay increase. We are also advised that the Civil Service Commission has proposed a 5% increase to the Governor, which plan awaits his action.
Mr. Robert Boland OPINION NUMBER 94-241 *Page -3- 
It is our opinion that the proposed pay plan cannot be construed as an attempt by the Commission to make a "donation" to state employees. Rather, the supplement would be earned compensation.
We are aware that the legislature has specifically provided funding for the proposed pay plan in accordance with the provisions of House Bill 1, the Appropriations Bill, the pertinent provisions of the enrolled version of which are attached hereto. As such, the proposed pay plan is "pursuant to legislative scheme" (Morial, infra.) as well as in accordance with the constitutional authority vested in the Commission.
In this regard, we direct your attention to the decision styledMorial v. Orleans Parish School Board, 332 So.2d 503 (La.App. 4th Cir. 1976), writ denied, 337 So.2d 530 (1976), wherein the provisions of R.S. 17:1201-1212, which provide a formula for determining the amount to be paid a teacher who is absent on sick leave for a period in excess of her accumulated sick leave days, were held constitutional as a "legislatively created benefit, earned by virtue of the employment itself."
The Morial case interpreted La. Const. (1921) Art. IV, Sec. 12; however, the Supreme Court, in City of Port Allen v. LouisianaMunicipal Risk Agency, Inc., 439 So.2d 399 (La. 1983) held that the 1921 constitutional provision "was virtually identical to the present Art. VII, Sec. 14(A)."
Furthermore, City of Port Allen upheld the Morial decision and distinguished it from those cases which hold that the Constitution is violated whenever the state or a political subdivision gives up something of value when it is under no obligation to do so. The Court stated, in footnote 6 of theCity of Port Allen decision, that even though the teacher received pay for a period in excess of her sick leave, "this was still `earned' compensation, not a gratuity, pursuant to the legislative scheme."
In accordance with the above referenced authorities, in particular the Morial and City of Port Allen decisions, it is the opinion of this office that the proposed pay plan does not violate the provisions of La. Const. (1974) Art. VII, Sec. 14. The payments contemplated by the pay plan are, in our opinion, "earned compensation" pursuant to a legislative scheme.
Mr. Robert Boland OPINION NUMBER 94-241 *Page -4- 
Despite our opinion, we feel compelled to call Crist v. Parishof Jefferson, 470 So.2d 306 (La.App. 5th Cir. 1985), to your attention. Therein, "terminal leave compensation" provided for by an ordinance of the Parish of Jefferson was held to be "either a gratuitous or remunerative donation", and, therefore, violative of Art. VII, Sec. 14. This office is unable to reconcile the decision rendered by the appellate court in Crist
with the decision rendered by the Supreme Court in City of PortAllen. The Crist decision distinguishes the Morial decision on the basis that Morial was decided under the 1921 Constitution, as opposed to the 1974 Constitution. However, that distinction is contrary to the Supreme Court's City of Port Allen decision, which upheld Morial, and declared the pertinent 1921 and 1974 constitutional provisions to be virtually identical.
We trust this adequately responds to your request.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
RPI:KMZ:jav 0441n
 State of Louisiana DEPARTMENT OF JUSTICE CIVIL DIVISION Baton Rouge 70804-9005
RICHARD P. IEYOUB P.O. Box 94005 ATTORNEY GENERAL TEL: (504) 342-7013 FAX: (504) 342-7335
 JULY 28, 1997 OPINION NUMBER 97-190 53 HOSPITALS 90-A-2 PUBLIC FUNDS — Loan, Pledge or Grants
Payments made in accordance with Hospital Service District's "incentive salary adjustment policy" appear to be earned compensation, and therefore not Mr. Nicholas F. LaRocca, Jr. in violation of La. Const. Art. P.O. Box 2466 VII, Sec. 14. Morgan City, Louisiana 70381-2466
Dear Mr. LaRocca:
On behalf of Hospital Service District Number 2 of the Parish of St. Mary, you have requested the opinion of this office regarding an "incentive salary adjustment policy" adopted by the District's Board of Commissioners in an effort to motivate and compensate its Chief Executive Officer. According to your letter, the Board of Commissioners annually reviews the Chief Executive Officer's performance during the previous year, pursuant to detailed written objective performance criteria, in order to determine the extent to which the CEO exceeded the goals and expectations of management and performed beyond the scope of ordinary duties. A copy of a sample performance evaluation is attached hereto. You have advised the undersigned that the items included in the evaluation are weighted and scored. Assuming the CEO has ". . . exceeded the goals and expectations of management and performed beyond the scope of ordinary duties . . .", she is paid a lump sum amount for the preceding year. Your letter states that the payment is made pursuant to an advance agreement with the CEO and is meant to be an incentive for the CEO, as opposed to a spontaneous, retroactive payment for previous service. You have also advised that the CEO has no expectation of receiving the payment if she does not exceed the Board's goals and perform beyond the scope of her duties.
Specifically, you are interested in determining whether the "incentive salary adjustment policy" is in accord with La. Const. Art. VII, Sec. 14, in light of Atty. Gen. Op. No. 90-128. Therein, this office opined:
 "[T]he Attorney General has recognized as constitutionally permissable incentive pay plans which promise additional but reasonable future
compensation for future performance by a public employee which is of a demonstrable public benefit. . . . To meet constitutional muster, an incentive program such as you suggest must be formal, i.e., it must be adopted formally by the school board and must be completely stated in writing."
Mr. Nicholas F. Larocca, Jr. OPINION NUMBER 97-190 *Page -2- 
Art. VII, Sec. 14 provides, in pertinent part:
 "Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
This office has written a number of opinions pertaining to employee compensation in addition to Atty. Gen. Op. No. 90-128, and has consistently opined that the payment of gratuitous unearned payments to public employees are prohibited, as same are tantamount to donations. See: Atty. Gen. Ops. Nos. 92-295, 92-282, 89-190, 88-344, 86-639, 83-940A, 81-1329 and 80-806. We note that various attempts to disguise constitutionally prohibited extra compensation for past services rendered and recompensed in the listed opinions were found to be constitutionally infirm.
However, this office does not consider Art. VII, Sec. 14 to prohibit earned increases in compensation, or earned supplemental compensation, unless such supplemental compensation is specifically prohibited by law. In accord: Atty. Gen. Ops. No. 95-323, 95-165-A, 94-241. In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position in State v.Davis, 539 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied. Therein, the Court held:
 "We are presented with a factual determination: were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when the services were rendered?"
Essentially, in accordance with the above cited opinions and the Davis case, the test for determining the constitutionality of a particular payment to a public employee is whether the payment is made out of a motive of beneficence solely to enrich the employee or whether the payment is deserved and made as recompense for valuable service rendered, for which the employee was not adequately paid. Atty. Gen. Op. No. 95-323.
Upon review of the facts as you have presented them, it is the opinion of this office that the "incentive salary adjustment policy" which you have described cannot be construed as an attempt by the Hospital Service District to make a "donation" to its CEO.
Mr. Nicholas F. Larocca, Jr. OPINION NUMBER 97-190 *Page -3- 
Rather, payments made in accordance with the "incentive salary adjustment policy" appear, based upon your description, to be earned compensation. As such, the payments do not violate the provisions of La. Const. Art. VII, Sec. 14.
Please note that although you have provided us with a copy of the Board's resolution, dated July 23, 1996, pertaining to the salary adjustment policy, we have not relied upon the resolution as a complete or accurate description of how the "incentive salary adjustment policy" is implemented. Instead, we have relied upon your advice as to how the policy is implemented, as well as your advice that with your assistance the Board has, or will, amend the resolution to accurately reflect the manner in which the incentive salary adjustment policy works.
We trust the foregoing to be of assistance. With kindest regards, we are,
 Yours very truly, RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: _____________________________ JEANNE-MARIE ZERINGUE BARHAM Assistant Attorney General
RPI:JMZB:jv Attachment