309 So.2d 379 (1975)
Wayne F. McELVEEN, Ward Three Marshal, Plaintiff and Appellee,
v.
Lucas C. CALLAHAN et al., Defendants and Appellants.
No. 4881.
Court of Appeal of Louisiana, Third Circuit.
February 26, 1975.
Rehearing Denied April 2, 1975.
Writ Refused June 13, 1975.
McHale & Bufkin by Billy H. Ezell, Lake Charles, for defendants-appellants.
James A. Babin, Asst. Dist. Atty., Lake Charles, for plaintiff-appellee.
Before FRUGE, CULPEPPER and DOMENGEAUX, JJ.
CULPEPPER, Judge.
This suit was filed by the present marshal of Ward Three, Calcasieu Parish, to recover from the former marshal and three of his former employees certain payments made as extra compensation to these employees. The trial court rendered judgment in favor of the plaintiff and against the former marshal and each employee respectively, in solido, for the sums illegally paid. Defendants appealed.
The sole question is whether the extra compensation paid by the former marshal to his employees is illegal and recoverable by the present marshal.
The facts are not in dispute. The office of marshal for Ward Three is a public office *380 which may receive one-half of all court costs assessed and collected in criminal cases in the city courts of that ward, including the City Court of Lake Charles. These funds are deposited in a bank account entitled "Ward Three Marshal, Special Account," and are administered solely by the Ward Three Marshal. Mr. Callahan, the former marshal, began receiving these funds in August, 1970.
The three employees involved are: (1) Theresa M. Clement, employed as a secretary at a monthly salary of $525; (2) Willis Duplechin, employed part-time to serve civil process papers at a monthly salary of $225; and (3) Frank W. Sittig, employed full time to serve civil process papers at a monthly salary of $575. The city of Lake Charles and the Parish of Calcasieu contributed equal amounts to each employee's salary. Both Duplechin and Sittig received an additional $150 monthly from the state as supplemental law enforcement pay.
Mr. Callahan testified that he promised his employees a raise when the funds were available. He says that they complained when they did not get a salary increase, as did other city and parish employees. However, Theresa M. Clement testified that she had received three raises from June, 1971 to October, 1972, representing a monthly increase in salary of $100.
Mr. Callahan was due to leave office on December 31, 1972. On December 11, 1972, Mr. Callahan issued checks to his three employees totaling $11,000. Theresa M. Clement received $3,000 for supposedly performing extra duties and overtime hours, and Willis Duplechin and Frank Sittig received $4,000 each for allegedly serving civil process papers after normal working hours.
The defendant contends that the payments were authorized by LSA-R.S. 13:1899(C) which provides in part:
"In all criminal matters the city judge may assess, in addition to the foregoing costs, a sum not to exceed five dollars as additional costs of court, the proceeds from which shall be deposited in a special account, subject to audit, and used to defray operational expenses of the office of marshal of the court, all as may be useful and necessary for the proper conduct of the marshal's office, and all as may be approved by said marshal."
The plaintiff contends that the payments are proscribed by the pertinent provisions of LSA-La.Const. Art. IV, Sections 3 and 12 (1921):
"Section 3. The Legislature shall have no power to grant or authorize any parish or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant, or contractor, nor pay, nor authorize the payment of, any claim against the State or any parish or municipality thereof, under any agreement or contract made without express authority of law; and all such unauthorized agreements or contracts shall be null and void." (Emphasis supplied)
"Section 12. The funds, credit, property or things of value of the State, or of any political corporation thereof, shall not be loaned, pledged or granted to or for any person or persons, associations or corporations, public or private;"
In Picard Construction Company v. Board of Commissioners of Caddo Levee District, 161 La. 1002, 109 So. 816 (1926), the contractor sued the Levee District to recover compensation above the contract price. The court held that the contractors were not entitled to recover additional compensation beyond the contract price, notwithstanding that they encountered difficulties on the job unknown to either party. The court stated that public boards being state agencies are without authority to grant extra compensation to contractors, citing LSA-La.Const. Art. IV, Section 3 (1921).
With the exception of the Picard case, there is no other jurisprudence on the particular issue involved herein. However, there are several opinions of the attorney *381 general, which are entitled to persuasive authority.
LSA-La.Const. Art. IV, Sec. 3 prohibits a sheriff from granting extra compensation (one-half a month's salary) to deputies at the end of the year, Op. Atty. Gen., 1944-1946, P. 910. The payment of bonuses to public employees is illegal, whether paid directly as such or disguised as payment for extra duties or overtime. Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered. Op.Atty.Gen., 1940-1942, PP. 1774-1775. See also Op.Atty.Gen., 1940-1944, P. 1184; 1948-1950, P. 538; 1940-1942, P. 3884.
Article IV, Sec. 3 says "The Legislature shall have no power to grant or authorize any parish or municipal authority to grant any extra compensation, fee or allowance to a public officer, agent, servant..." Under this constitutional mandate, the Legislature has no power to authorize the payment of extra compensation to the marshal's employees as contended by the defendants. Furthermore, the language of LSA-R.S. 13:1899(C) indicates that the funds received by the marshal are to be used to defray normal operational expenses of his office and not to provide extra compensation for employees of the marshal's office.
We affirm the finding of fact by the trial judge that the payments made by the marshal to his employees were bonuses, disguised as compensation for extra services or overtime. These payments were proscribed by LSA-La.Const. Art. IV, Section 3 (1921).
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendants-appellants.
Affirmed.
DOMENGEAUX, J., concurs in the decree and assigns written reasons.
FRUGE, J., dissents with written reasons.
FRUGE, Judge (dissenting).
I respectfully dissent.
Article IV, Section 3, of the 1921 Constitution provides that the Legislature "shall have no power to grant or authorize any parish or municipal authority to grant any extra compensation ... under any agreement or contract made without express authority of law ...."
In my opinion, the payments made in this case were authorized by R.S. 13:1899(C) which was passed in 1970. Under that statute court costs may be used to defray operational expenses of the marshal's office. As I see it, operational expenses include salaries and other type compensation.
I note that the cases and attorney general opinions relied on by the majority were all issued prior to the passage of R.S. 13:1899(C) in 1970.
I respectfully dissent.
DOMENGEAUX, Judge (concurring in the decree).
I agree that the Constitution of 1921, Article IV, Sections 3 & 12, prohibit payments of the kind made in this case, but do not concede that "operational expenses" as referred to in LSA-R.S. 13:1899(C) necessarily precludes, under all exigencies, the payment of salaries or similar type compensation, from the special account created by the statute.
Whether the payments herein are called bonuses or compensation for past services, either would be prohibited by the aforementioned constitutional provisions; however, I do not feel that the record contains anything of a substantial nature to refute *382 the defendant's contention that those payments were for compensation designed to fulfill a previous commitment to the employees for raises which did not materialize, and which the defendant thought he could pay under R.S. 13:1899(C). Under the facts presented I would not categorize the payments as bonuses.
I respectfully concur.