Dear Mr. Stanley:
You requested the opinion of this office concerning a proposed pay raise for City of Lafayette employees and whether such employees may be paid for services rendered since November 1, 1992 or whether such a payment would constitute a retroactive pay raise and, as such violate the Louisiana Constitution.
You provided this office with an excerpt from ordinance No. 0-4094 which provides for the appropriation of funds for the operating budget of the CitY of Lafayette for fiscal year 1992-93. The City of Lafayette operates on a November 1 through October 31 fiscal year. This ordinance was passed by the City Council on September 29, 1992, and approved by the Mayor on October 1, 1992, with an effective date of November 1, 1992. The General Qualifications section of Ordinance No. 0-4094 provides in pertinent part as follows:
 1. Amounts have been placed in Council's Reserve for pay adjustments for employees. However, no revised pay plans have been submitted to the Council for approval or disapproval . . .
* * * * *
 3. Inasmuch as the limited wording of the Ordinance cannot cover all mathematical/computation/narrative circumstances resulting from the above salary and other appropriation adjustments, the Director of Administration, through the Mayor, is herein authorized and directed to comply with the dictates and intent of this Ordinance through whatever means he deems to be prudent and necessary.
 A. Upon completion of budget finalization work, it is the expectation of the CitY Council that the Director of Administration (through the Mayor) will call to the attention of the City Council in the form of a written report, the amount and nature of any required adjustments.
You also provided this office with a copy of an Internal Memorandum dated October 30, 1992 from the Director of the Department of Administration to the Mayor submitting the City's budget for Fiscal Year 1992-93. This budget message states "A 3% cost-of-living increase for MGECS and unclassified personnel has been set aside for salary increases . . ." Excerpts from the budget showing line item appropriations for "reserve pay plan adjustment" were also furnished.
You further advised that the Civil Service Board approved the Mayor's recommendation of a 3% cost of living increase applied across the board (subject to funding levels approved by the Council) at its meeting of October 26, 1992.
This office also received a copy of Ordinance No. 0-4274 adopted December 22, 1992, wherein the Council expressly approved the 3% pay increase for all city employees; purportedly appropriated the funds for the implementation of the raises "as identified in the document Final Budget FY 1992/93 of the City of Lafayette"; authorizes the distribution of the reserve funds for the Pay increase to appropriate departmental line items as needed; and makes the pay increase effective retroactively to the first pay day of November, 1992.
This office has long found that a retroactive pay increase for services previously rendered violates Article VII, Section 14 of the Louisiana Constitution. Any salary adjustment should have prospective application only. Op. Atty. Gen. Nos. 80-806, 85-908, 91-383 and 80-1095. See also McElveen v. Callahan.309 So.2d 379 (La.App. 3d Cir. 1975), affirmed 313 So.2d 602 (La. 1975), herein the court stated "[p]payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered."
In No. 86-639, the Attorney General opined that payments representing salary increases from the time the political subdivision contingently adopted a salary proposal to the time the money became available from reserve legal fees could not be made as such would constitute the retroactive payment of raises. Notwithstanding the fact that the political subdivision had previously approved the increases, the approval was contingent upon obtaining the funds.
The situation at hand may be distinguished from that described in Op. No. 86-639. In this instance, the pay increase was approved, authorized and budgeted prior to the beginning of the fiscal year. While no revised pay plans were submitted to the Council Prior to beginning of the fiscal year. November 1, 1992, the Mayor was directed to comply with the dictates and intent of the Ordinance through whatever means he deemed to be prudent and necessary. Pursuant to the terms of Ordinance No. 0-4094 the Mayor could have implemented the pay increase as of November 1, 1992. Ordinance No. 0-4274 merely reaffirms the action taken under Ordinance No. 0-4094. Of course, if Ordinance No. 0-4274 attempted to broaden or exceed the pay increase as set forth in Ordinance No. 0-4094, the second ordinance could not be given retroactive application.
Due to the time constraints surrounding this opinion, we were unable to verify that the implementation of the pay plan will comfort to the provisions of the City Charter. In the absence of a conflict, we believe that the implementation of the pay plan, effective November 1, 1992, is permissible.
Trusting this adequately responds to your request, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: MARTHA S. HESS Attorney Attorney General
RPI/MSH jav