Dear Chief Sparacello:
This office is in receipt of your request for an opinion of the Attorney General relative to the Tickfaw Police Department. Your questions are as follows:
 1. Does the Mayor of a Lawrason Act village have the authority to control the budget in the Public Safety Department with an elected police chief, when the expenditures have not been exceeded and the total budget has been approved by the board of alderman; and if not, what steps should be taken:
 2. If the public safety department has money left in the budget at the end of the budget year, can the police chief approve the money to be used to pay off outstanding installments to bring his budget to a zero balance;
 3. If the police chief recommends to the board of aldermen, and gets approval of two/thirds of a council of three to hire an attorney, does the mayor have any say to disapprove it when there is money left in the budget;
 4. Does the state supplemental pay for a police officer count toward any part of pay from the town; and if so, can the state supplemental pay be used to figure federal minimum wages;
 5. If the board of aldermen vote by two/thirds (2 to 1) to give the police officers a raise with the monies left in the budget with one making a motion which the other seconds, does the mayor have the authority to veto this motion; and
 6. If the board by two/thirds vote agrees to make pay retroactive for several months within the same budget year, is this legal when the monies are in the budget.
This office has recognized on numerous occasions that the police department of a Lawrason Act community with an elected chief of police is not subject to the supervision and control of the Mayor. It was observed in Atty. Gen. Op. No. 86-589 that the Mayor does not have the authority to control the expenditures of the police department, and the chief of police's inherent authority to control the day to day operations of the department includes police department funds, noting that the Chief is in the best position to know the needs of the department. However, the expenditure of these funds can only be made pursuant to specifically authorized appropriations, and it must be realized that the mayor and board of aldermen have the statutory authority to amend the budget so that a reduction in the police department budget is possible.
Consequently, if there is a valid municipal appropriation for a budget item for the Police Department, the Mayor has no authority to interfere with the expenditure, and if the mayor is not convinced by the town attorney or this opinion of his lack of control, it would appear the only recourse would be to seek court action.
The power of the governing authority to reduce the police department's budget, and the requirement of a specific appropriation for departmental expenditures must be considered in regard to your second question as to whether the police chief can approve money left in the budget at the end of the fiscal year be used to pay off outstanding installments. He would have the power to expend the funds allocated to the department for these debts only under the proper appropriation. Line item adjustments in the budget cannot be made to the exclusion of the mayor and board of aldermen.
Pertinent to this question is R.S. 33:462 providing as follows:
 All expenditures of money for any purpose whatever shall be in pursuance of a specific appropriation made by ordinance and in no other manner and shall be made in accordance with the provisions of R.S. 38:2211 et seq. Every warrant drawn on the treasury shall express on its face to whom issued and for what purpose allowed; and the ordinance authorizing its issue shall be cited by minute book and page, in or upon it.
Regarding your question if the mayor has any say in the hiring of an attorney for the chief of police if approved by two of three board of aldermen, this office had stated in Atty. Gen. Op. 90-135 that the Chief of Police could not hire an outside attorney and pay that attorney out of funds appropriated to the police department unless the money had been specifically appropriated for that purpose by the Mayor and Board of Aldermen.
Significant to this question, and your question relative to expenditure of funds in the budget if the board votes two to one to give police officers a raise are the provisions of R.S. 33:406
regarding enactment of ordinances and resolutions. That statute specifies that any act of the board of aldermen which is not law shall be by resolution by a majority vote of the board of aldermen and a signature of the mayor is not necessary to become effective. However, an ordinance, such as required for budget amendments, must be presented to the mayor, and he can veto the same within ten days of its receipt. A board of three members must all vote affirmatively to override a mayor's veto, and if there are more than three members on the board of aldermen, a two-thirds vote is required to override the veto. Therefore, a vote of two of the three aldermen does not complete the procedure necessary for a pay raise for police officers, or the further provision to make it retroactive.
However, regardless of the number of votes by the board, the board cannot amend the budget to make the pay raise retroactive when there are funds left in the budget. This office, Atty. Gen. Op. 88-344, has concluded that retroactive compensation to public employees for services previously compensated is prohibited by Art.7, Sec. 14 of the Louisiana Constitution, and pay raises to be legal must be in the form of salary increases for the future, citing McElveen v. Callahan, 309 So.2d 379 (La.App 1975).
The final question to be answered is whether the state supplemental pay is included in calculating the minimum wage requirements under federal law, and this office has previously concluded that the supplemental pay for police officers and firefighters must be in addition to the base pay owed by the local governing authority, Atty. Gen. Op. 90-574, 90-574A. These opinions were referred to by the court in Hayes v. City of Alexandria, (La.App 1993) in holding, "The legislative intent for supplemental pay is to provide additional, rather than substitute, compensation for these public servants in order to enhance the excellence of the rank and file firefighters and policemen in municipal service. It is intended to be a direct benefit to the public servants themselves, rather than a means of fiscal relief for the municipality."
Therefore, we find the state supplemental pay for a police officer does not count toward any part of the pay from the town in meeting the requirement of the federal minimum wage.
We hope this sufficiently answers your inquiries.
Sincerely yours,
 RICHARD P. IEYOUB Attorney General
 By: ______________________ BARBARA B. RUTLEDGE Assistant Attorney General
BBR