Dear Mr. Simpson:
A joint request for an Attorney General's opinion has been made by you and Harahan Police Chief, John Doyle. The issue is whether the Harahan Board of Aldermen may, in 1988, compensate three (3) city employees for work performed by the employees in 1987. It is the opinion of this office that retroactive compensation to city employees for services previously compensated by the city is prohibited by Article 7, Sec. 14 of the 1974 LOUISIANA Constitution.
According to the facts presented to this office three (3) city employees worked 30 hours a week prior to 1987. In 1987, a new mayor increased the work hours of these employees to 35 hours per week. These employees received no increase in salary for the additional work hours. Two (2) other city employees hired in 1987 by the new mayor were also required to work 35 hours per week at the compensation rate paid prior to 1987 for 30 hours per week. In 1988 the mayor resigned. His successor reduced the affected employees' work week to 30 hours per week. There was no change in the compensation. Later, in 1988 the Harahan Board of Aldermen voted to authorize payment of additional compensation to pay for the extra five hours per week worked by the employees.
The additional compensation was determined by multiplying the number of additional hours by a rate per hour. Article 7, Sec. 14 provides in part:
 "(A) Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private."
The legality of retroactive compensation to public employees was reviewed by the courts in McElveen vs. Callahan, 309 So.2d 379 (C.A.3, 1975); -Writ denied 313 So.2d 602 (LA., 1975). The McElveen v. Callahan case involved retroactive payment by a local marshal to three (3) of his employees. The compensation was given for performing extra duties and working overtime. The Court of Appeals, citing Opinions of the Attorney General, held that:
 "The payment of bonuses to public employees is illegal, whether paid directly as such or disguised as payment for extra duties or overtime.
Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered . . ."
Public officials have the discretion to set the number of hours per week that public employees must work. Absent any agreement with the employees no overtime or extra compensation must be paid if the number of work hours per week do not exceed 40 hours per week. In the present situation, the three (3) city employees were required to work 35 hours a week in 1987, rather than 30 hours per week for the same compensation. The decision of the previous mayor to increase the number of work hours without increasing compensation was one he was authorized to make. Since the employees have received compensation for the hours they worked in 1987 they cannot receive any additional compensation.
This office has consistently ruled that retroactive pay for services previously rendered and compensated violates Art. 7, Sect. 14 of the Constitution. See Op.Atty.Gen., #-80-806 and #-86-639, copies of which are attached to this opinion. In conclusion, the Harahan Board of Aldermen is prohibited by the Constitution from giving extra compensation to the three (3) city employees for work they were compensated for by their 1987 salary.
Sincerely,
 William J. Guste, Jr. Attorney General
 By: J. Marvin Montgomery Assistant Attorney General La. Atty. Gen. Op. No. 88-344