Dear Mr. Honey:
You have requested an Attorney General Opinion regarding the legalities of the East Baton Rouge Parish School Board's ("Board") plan to provide a salary increase to its employees. According to your correspondence, on August 19, 2004, the Board voted, pursuant to La.R.S. 47:1705, to roll forward its millage rates. You indicate that the resolutions rolling the millage rates forward include increases for employee salaries and benefits and that the increases were requested with the specific intent by the Board to increase employee pay. The Board has since, by resolution, affirmed its intent to increase employee compensation, effective when it voted to roll forward its millage rates.
Subsequent to rolling forward the millage rates, you indicate that the Board sought the professional consulting services of the Segal Company to conduct a compensation study system wide, with the intent of providing employee raises at the completion of the study. The Board has stated, by resolution, that these services were sought in an effort to identify a plan that would appropriately and equitably apply the increases in employee compensation. Pursuant to the guidance offered by the Segal Company, the Board now wishes to provide the appropriate salary increases to current employees, effective August 20, 2004, the day following its vote to roll forward its millage rates for the purpose of increasing employee compensation. You seek an opinion from this office regarding the ability of the Board to grant such salary increases in light of the prohibitions contained in ArticleVII, Section 14 of the Louisiana Constitution.
Article VII, Section 14(a) of the Louisiana Constitution of 1974 states the following concerning the donation, loan or pledge of public credit:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
 This section of the constitution is applicable to situations in which the state or a political subdivision has no obligation to make a payment of public funds. As stated by the Louisiana Supreme Court in City of Port Allen v. Louisiana Municipal Risk Management Agency, Inc., et. al, Article VII Section 14 is violated when the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so.[1] The Louisiana Civil Code defines an obligation as a legal relationship whereby an obligor is bound to render performance which may consist of giving, doing or not doing something. La. Civil Code Art. 1756. Obligations can arise from contracts and other declarations of will. La. Civil Code Art. 1757.
This office has consistently opined that the payment of a bonus, or any other gratuitous, unearned payment to public employees is prohibited, as same would be tantamount to a donation. La. Atty Gen. Op Nos. 79-1352, 80-806, 80-1095, 81-1044, 85-908, 86-88, 86-639, 88-344, 89-190 and 91-383. Within the listed opinions, we have found that retroactive pay increases for services previously rendered is a violation of Article VII Section 14. Any salary adjustment should have prospective application only. See also,McElveen v. Callahan, 309 So.2d 379 (La.App. 3d Cir. 1975), writdenied, 313 So.2d 602 (La. 1975), wherein the court stated "[p]ayments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered."
However, this office does not consider Article VII Section 14 as prohibiting the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment.[2] Article VII Section 14 is not violated if the state or a political subdivision is under an obligation to make a payment of public funds. See Attorney General Opinion Nos. 92-866 and 95-440.[3]
You have proposed that the facts you presented mirror those contained in Attorney General Opinion Number 00-67. In Opinion Number 00-67, this office found that the Parish of Jefferson could retroactively pay its judicial employees.[4] The facts presented therein demonstrated that the actions taken by Jefferson Parish in January of 1999 created an obligation and, because an obligation existed, there was no violation of Article VII Section 14. The findings in Opinion Number 00-67 are of primary relevance to the extent that they demonstrate that if an obligation exists on the date on which the entity makes the payment effective, there is no violation of Article VII Section 14.
In addition, Opinion No. 00-67 provides us with additional analysis that focuses on an entity's intent and a commitment that manifests that intent. Such factors are essential in determining if an obligation has been created. Opinion No. 00-67 provides:
 In our opinion, whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position in State v. Davis, 539 So.2d 803 (La.App. 3rd Cir. 1989), Writ Denied. Therein, the Court held:
 `We are presented with a factual determination: were the two payments which defendant paid to himself extra compensation for past services rendered or salaries for services rendered but for which no salary was drawn when the services were rendered?'
 Essentially, in accordance with the above cited opinions and the Davis case, the test for determining the constitutionality of a particular payment to a public officer or employee is whether the payment is made out of a motive of beneficence solely to enrich the officer or employee, or whether the payment is deserved and made as recompense for valuable service rendered, for which the officer or employee was not adequately paid. Atty. Gen. Op. No. 95-323.
 In accordance with the test articulated herein, it is the opinion of this office that the Parish of Jefferson can retroactively pay its judicial employees in the manner you have described. In light of your advice that the parish had always intended to compensate its judicial employees in the same manner as its civil employees and had committed to do so, it does not appear that the payments will be made "out of a motive of beneficence solely to enrich" the judicial employees. Rather, based upon the facts as you have described them, such payments would appear to be earned compensation for services previously rendered, but for which the parties were not previously paid in full. Davis, supra. (Emphasis added.)
 Essentially, where intent and an expressed commitment exist, an obligation is generally created for the purposes of this analysis.[5] A salary payment made pursuant to an obligation is one that is not made "out of a motive of beneficence solely to enrich," rather, it is one that is made for services rendered.
In the scenario you have presented, the question of whether an obligation was created by the actions taken by the Board is a one of fact. In your opinion request, you indicate that the following actions support your assertion that the Board is obligated to implement salary increases as described herein:
 Rolled forward it millages for employee salaries and benefits with the intent to increase pay.
 Conducted a compensation study for further guidance on the matter.
 Issued a district wide memorandum evidencing its intent to provide a raise at completion of compensation study.
 The foregoing is confirmed in the supplemental budget request.
We believe that the facts you have provided, in addition to the Board's expression of its intent by resolution, indicate that an obligation was created by the Board to provide a salary increase to its employees. It is therefore the opinion of this office that salary increases can be made effective from the date the obligation was created.[6] Article VII Section 14 of the Louisiana Constitution does not prohibit the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment.
I hope this opinion sufficiently addresses your concerns. If I may be of further assistance, please let me know.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: _____________________________
 KATHERINE M. WHITNEY ASSISTANT ATTORNEY GENERAL
CCF, Jr.:KMW
[1] 439 So.2d 399 (La. 1983).
[2] In the context of salary increases, the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment is distinguishable from "extra compensation for past services rendered" in that the compensation is not "extra." The compensation due or earned compensation of an employee is that which an employer is required to pay pursuant to its obligation(s) to the employee. It is a payment outside of any such obligation(s) that would constitute "extra compensation for past services rendered" if distributed as a salary increase with retroactive effect. The prospective application analysis should relate to the salary increase being prospective from the point at which the obligation was created.
[3] La. Atty Gen. Op. Nos. 92-866 and 95-440 found that the retroactive salary increases at issue did not violate Article VII § 14. In both instances, salary increases were approved, authorized and budgeted prior to the beginning of the fiscal year, thus creating an obligation.
[4] The facts set forth in Opinion Number 00-67 are as follows: in 1998 the Parish of Jefferson hired an outside consultant to conduct a parish-wide pay plan study for all parish employees, including civil service employees and judicial employees. Upon completion of the civil service employee portion of the study, the parish implemented the plan for such employees, effective January 1, 1999. At that time, the parish committed to retroactively implement pay raises for judicial employees upon the completion of the remainder of the study. The pay raises for judicial employees were to be retroactive to January 1, 1999. The funds necessary to provide for the pay raises were earmarked for the purpose of paying the judicial employee raises.
[5] An obligation may be created and become effective from time that the actions necessary to create an obligation are taken or the terms of the obligation may specify the effective date. If the terms of the obligation are not specified, the intention of the parties has to be examined.
[6] In reaching our determination, we have relied upon the information you provided, the resolution in which the Board expressed its intent and the assertion that by voting to roll forward its millages, the Board, from that date, was obligated to use additional revenues realized to implement employee raises at the conclusion of its salary study. If retroactive payment were to be made on any other basis, such payment would be tantamount to a disguised donation.