Dear Mayor Pettijean:
You have requested an opinion from this office as to whether the City of Rayne can pay Police Sgt. Mike Constantin the back wages he claims are owed to him. According to your letter, Sgt. Constantin became eligible for a salary increase based on his length of service, on March 13, 2002. However, he did not receive the increase until sometime in 2004, and he is now requesting that the city pay the increased wages retroactive to the date he became eligible to receive the increase.
This issue must be examined in light of the provisions of Article VII, Section 14(A) of the Louisiana Constitution. It provides, in pertinent part, the following:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
This office has consistently opined that the payment of a bonus, or any other gratuitous, unearned payment to public employees is prohibited, as same would be tantamount to a donation.[1] Our opinions cite the well-established rule that in order for payments of additional compensation to public employees to be constitutionally valid, they must be in the form of salary increases for future services rendered, and not as extra compensation for past services already rendered and recompensed.[2]
Conversely, our office does not consider Section 14 to prohibit earned increases in compensation. We have found the payment of earned compensation retroactive to the date on which the state or a political subdivision obligated itself to make such a payment does not violate Section 14.[3] In Attorney General Opinion No. 05-223, we stated:
 In the context of salary increases, the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated
itself to make such a payment, is distinguishable from "extra compensation for past services rendered" in that the compensation is not "extra." The compensation due, or the earned compensation, of an employee is that which an employer is required to pay pursuant to its obligation(s) to the employee. It is the payment outside of any such obligation(s) that would constitute "extra compensation for past services rendered" if distributed as a salary increase with retroactive effect.
It is the opinion of this office that whether a payment of money is a donation or earned compensation is a factual determination. We find support for this position in State v.Davis,[4] where the Court held:
 We are presented with a factual determination: were the two payments . . . which defendant paid to himself extra compensation for past services rendered . . . or . . . salaries for services rendered but for which no salary was drawn when the services were rendered?
In Attorney General Opinion No. 86-639, this office opined that payments representing salary increases from the time a political subdivision contingently adopted a salary proposal to the time the money became available from reserve legal fees could not be made as such would constitute a retroactive payment of raises. Notwithstanding the fact that the political subdivision had previously approved the increases, the approval was contingent upon obtaining the necessary funds. Thus the political subdivision was not obligated until the funds were available.
In Attorney General Opinion Nos. 92-866 and 95-440, in which we determined that the retroactive salary increases at issue did not violate Section 14, the increases were approved, authorized and budgeted prior to the beginning of the fiscal year, thus creating an obligation.
As you are also aware, in Attorney General Opinion No. 00-68, this office opined that the Lafayette City-Parish Council could correct an administrative/clerical error that delayed the salary increases of four government employees and pay the four employees the difference in pay they should have received.
But see also, Attorney General Opinion No. 80-1095, where this office determined that the city could not compensate the judge for past services rendered. The city had awarded annual cost of living increases to all city employees, except the city judge, because it erroneously believed the judge's salary was fixed by statute and could not be increased. Our opinion was based on the permissive language in the statute.[5] The city could have increased the judge's salary, but was not required to increase it. Since the city was not obligated to increase his salary, and the judge had already been compensated for past services rendered, he could not be paid an increase for services already rendered.
As you have not been able provide this office with the source or authority for salary increases for Rayne police officers based on their length of service, we are unable to make the factual determination as to whether Sgt. Constantin can legally be paid the back wages he is requesting.
The police department must examine the authority (policy, program, statute, etc.) under which it awards salary increases based on length of service, and determine whether the department was obligated to grant Sgt. Constantin this particular salary increase on the day he became eligible for it. If you determine that the department had no discretion in awarding this salary increase, but rather was required to do so, then Sgt. Constantin can be paid retroactively to the date on which the City became obligated. If you determine that the policy, program, statute or other authority for this salary increase was permissive or discretionary, then the department was not obligated to grant the increase, and the retroactive payment of the increase to Sgt. Constantin would violate Art. VII, Section 14.
We trust this answer adequately addresses your concerns. Should you have any further questions, please contact our office.
Yours truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
[1] La. Atty Gen. Op Nos. 05-223, 00-68, 00-67, 95-440, 91-383; 86-639, 80-1085, 80-806
[2] McElveen v. Callahan, 309 So.2d 379 (La.App. 3d Cir. 1975), writ denied, 313 So.2d 602 (La. 1975),
[3] See Attorney General Opinion No. 05-223, 92-866 and 95-440.
[4] 359 So.2d 803 (La.App. 3rd Cir. 1989), writ denied.
[5] R.S. 13:1875(10)(b)