Dear Mayor Scott:
You requested an Attorney General's opinion regarding the Town of Pollock's plan to provide a salary increase to its employees. You indicate that when the Town's 2005 annual budget was approved by the Pollock Town Council, an employee pay raise was included contingent upon receipt of Ten Thousand ($10,000) Dollars in lease monies. The lease was executed in, and the lease monies arrived in, September 2005. The monthly employee pay raises were put in place for the October payroll. You question whether or not the Town may pay its employees a lump sum payment representing salary increases from January 2005 through September 2005, since the salary increases for these months were budgeted in the 2005 budget.
Article VII, Section 14(a) of the Louisiana Constitution of 1974 states the following concerning the donation, loan or pledge of public credit:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
This office has consistently opined that the payment of a bonus, or any other gratuitous, unearned payment to public employees is prohibited, as same would be tantamount to a donation. La. Atty Gen. Op Nos. 79-1352, 80-806, 80-1095, 81-1044, 85-908, 86-88, 86-639, 88-344, 89-190 and 91-383. Within the listed opinions, we have found that retroactive pay increases for services previously rendered is a violation of Article VII, Section 14. Any salary adjustment should have prospective application only. See also, McElveen v. Callahan, 309 So.2d 379
(La.App. 3d Cir. 1975), writ denied, 313 So.2d 602 (La. 1975), wherein the court stated "[p]ayments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered." *Page 2 
However, this office does not consider Article VII, Section 14 as prohibiting the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment. Article VII, Section 14 is not violated if the state or a political subdivision is under an obligation to make a payment of public funds. See Attorney General Opinion Nos. 05-0223, 92-866 and 95-440.
In Attorney General Opinion Nos. 92-866 and 95-440, in which we determined that the retroactive salary increases at issue did not violate Article VII, 14, the salary increases were approved, authorized and budgeted prior to the beginning of the fiscal year, thus creating an obligation. Like the factual situations presented in those opinions, the salary increases for Town employees appear to have been approved, authorized and budgeted prior to the fiscal year. The raises were discussed at the December 1, 2004 Town meeting, as well as at previous meetings, and were included in the 2005 Town budget which was approved and adopted at that meeting. Also, prior to the budget year, the Town took a further step towards implementing the raises by approving the lease from which the funds to pay the raises were to be derived, and authorizing the mayor to execute the lease. Finally, the lease was executed within the 2005 budget year. Accordingly, it is the opinion of our office that the raises can be given retroactive application to January 1, 2005 and the Town may pay the Town's employees a lump sum payment representing salary increases from January 1, 2005 through September 30, 2005
Trusting this adequately responds to your request, we remain
Yours very truly,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
 BY: _______________________ KENNETH L. ROCHE, III Assistant Attorney General