Dear President Broussard:
You requested an Attorney General's opinion regarding the implementation of "retroactive" raises for Parish employees. You indicate that due to the catastrophic damage caused by Hurricane Katrina, two of the immediate affects were that the Parish of Jefferson sustained significant interruption in revenue sources and loss of residents. In addition, there is a two month lag in sales tax receipts and millages are only collected once a year. These facts made it impossible for the Administration to predict the Parish's financial stability for the year 2006. To be fiscally sound, the decision was made to reduce many employee benefits rather than have wholesale layoffs. Most significantly, all annual raises were suspended and health care benefits were reduced.
You advise that it was the intention of the Administration and the Council to restore these benefits if the finances were available. Jefferson Parish has seen an increase in sales taxes and only a slight decrease in millages. Recently, the Administration requested, and the Council approved, the reinstatement of health care benefits equal to those made available in the year 2005. The Administration is now looking at the possibility of restoring employees' annual raises retroactive to January 1, 2006.
You further advise that the Jefferson Parish Personnel Rules state in part[1]:
RULE IV: PAY PLAN Section 2. PAY INCREASES
 Each employee shall be considered for an annual pay increase on his/her eligibility date. Subject to fund-wide or district-wide budgetary restrictions, an increase shall be granted, based on the employee's annual performance evaluation . . . *Page 2 
You suggest that the personnel rules for all employees, fire personnel included, create an obligation to provide annual raises if the funds are available. You indicate that it now appears that the funds will be available to pay for employee raises. It was, and is, the intention of the Administration and Council to grant the pay raises if and when the funds are available. You feel the retroactive payment of these raises would be earned compensation for services previously rendered but for which the employees were not previously paid in full. Further, you believe the facts are similar to those raised in Attorney General Opinion Nos. 00-67 and 05-223. You question whether granting of retroactive raises is legal and/or constitutional.
Article VII, Section 14(a) of the Louisiana Constitution of 1974 states the following concerning the donation, loan or pledge of public credit:
 Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private. Neither the state nor a political subdivision shall subscribe to or purchase the stock of a corporation or association or for any private enterprise.
This section of the constitution is applicable to situations in which the state or a political subdivision has no obligation to make a payment of public funds. As stated by the Louisiana Supreme Court in City ofPort Allen v. Louisiana Municipal Risk Management Agency, Inc., et.al, Article VII Section 14 is violated when the state or a political subdivision seeks to give up something of value when it is under no legal obligation to do so.[2] The Louisiana Civil Code defines an obligation as a legal relationship whereby an obligor is bound to render performance which may consist of giving, doing or not doing something. La. Civil Code Art. 1756. Obligations can arise from contracts and other declarations of will. La. Civil Code Art. 1757.
This office has consistently opined that the payment of a bonus, or any other gratuitous, unearned payment to public employees is prohibited, as same would be tantamount to a donation. La. Atty. Gen. Op Nos. 79-1352, 80-806, 80-1095, 81-1044, 85-908, 86-88, 86-639, 88-344, 89-190 and 91-383. Within the listed opinions, we have found that retroactive pay increases for services previously rendered is a violation of Article VII Section 14. Any salary adjustment should have prospective application only. See also, McElveen v. Callahan, 309 So.2d 379 (La.App. 3d Cir. 1975), writ denied, 313 So.2d 602 (La. 1975), wherein the court stated "[p]ayments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered."
However, this office does not consider Article VII Section 14 as prohibiting the payment of earned compensation retroactive to the time at which the state or a political *Page 3 
subdivision obligated itself to make such a payment.[3] Article VII Section 14 is not violated if the state or a political subdivision is under an obligation to make a payment of public funds. See Attorney General Opinion Nos. 92-866 and 95-440.[4]
You have proposed that the facts you presented are very similar, if not identical, to those contained in Attorney General Opinion Nos. 00-67 and 05-0223. In Opinion No. 00-67, this office found that the Parish of Jefferson could retroactively pay its judicial employees.[5] The facts presented therein demonstrated that the actions taken by Jefferson Parish in January of 1999 created an obligation and, because an obligation existed, there was no violation of Article VII, Section 14. Similarly, in Opinion No. 05-223, this office found that the East Baton Rouge Parish School Board could retroactively pay its employees.[6] The facts presented in that opinion demonstrated that the actions taken by the School Board created an obligation as of August 20, 2004, and thus salary increases could be made effective from that date without violating Article VII, Section 14. Unfortunately, the facts you have described are not at all similar to those raised in Attorney General Opinion Nos. 00-67 and 05-223. Under the factual situation presented, there is no obligation on the part of the Parish to increase employee salaries. *Page 4 
The personnel rules do not create an obligation to provide annual raises. Rule IV, Section 2 provides for raises based upon performance evaluations and are subject to budgetary restrictions.[7] In order to create an obligation, some action must be taken by the Parish. In the present situation, the Parish took no such action. In fact, the Parish took actions to ensure that no obligation was created. As you indicated, the effects of Hurricane Katrina made it impossible for the Parish to accurately predict what the financial situation would be in the months following the hurricane. Difficult decisions had to be made, and withholding raises and reducing health care benefits were two of those very difficult decisions.
Because the Jefferson Parish is under no legal obligation to grant salary increases, it is our opinion that the Parish cannot restore employees' annual raises retroactive to January 1, 2006. Such a retroactive salary increase would constitute a prohibited donation in violation of Article VII, Section 14 of the Louisiana Constitution. However, if sufficient funds are available, Jefferson Parish may restore employee's annual raises on a prospective basis.
Trusting this adequately responds to your request, we remain
 Very truly yours,
 JAMES D. "BUDDY" CALDWELL Attorney General
 By: __________________________ RICHARD L. MCGIMSEY Assistant Attorney General
 JDC:RLM:crt
[1] The personnel rules for the Jefferson Parish Fire Department, although separate, contains nearly identical language: Rule V — Section 2.1 states in pertinent part: ". . . may be granted an annual merit increase on the first pay period in January, subject to the availability of funds . . ."
[2] 439 So.2d 399 (La. 1983).
[3] In the context of salary increases, the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment is distinguishable from "extra compensation for past services rendered" in that the compensation is not "extra." The compensation due or earned compensation of an employee is that which an employer is required to pay pursuant to its obligation(s) to the employee. It is a payment outside of any such obligation(s) that would constitute "extra compensation for past services rendered" if distributed as a salary increase with retroactive effect. The prospective application analysis should relate to the salary-increase being prospective from the point at which the obligation was created.
[4] La. Atty Gen. Op. Nos. 92-866 and 95-440 found that the retroactive salary increases at issue did not violate Article VII § 14. In both instances, salary increases were approved, authorized and budgeted prior to the beginning of the fiscal year, thus creating an obligation.
[5] The facts set forth in Opinion Number 00-67 are as follows: in 1998 the Parish of Jefferson hired an outside consultant to conduct a parish-wide pay plan study for all parish employees, including civil service employees and judicial employees. Upon completion of the civil service employee portion of the study, the parish implemented the plan for such employees, effective January 1, 1999. At that time, the parish committed to retroactively implement pay raises for judicial employees upon the completion of the remainder of the study. The pay raises for judicial employees were to be retroactive to January 1, 1999. The funds necessary to provide for the pay raises were earmarked for the purpose of paying the judicial employee raises.
[6] The facts set forth in Opinion Number 05-223 are as follows: on August 19, 2004, the East Baton Rouge Parish School Board voted, pursuant to La. R.S. 47:1705, to roll forward its millage rates. The resolutions rolling the millage rates forward included increases for employee salaries and benefits and that the increases were requested with the specific intent by the Board to increase employee pay. The Board later, by resolution, affirmed its intent to increase employee compensation, effective when it voted to roll forward its millage rates. Subsequent to rolling forward the millage rates, the Board sought the professional consulting services of the Segal Company to conduct a compensation study system wide, with the intent of providing employee raises at the completion of the study.
[7] We also note that the rules for fire personnel also provide that pay increases are "subject to the availability of funds".