Dear Ms. DeFrancesch,
You have requested an opinion of this office regarding whether you, as clerk of court of St. John the Baptist Parish, may pay an employee of your office additional compensation for work completed in the past that was outside of and in addition to the duties set forth in her normal job description.
As clerk of court, you are authorized by La.Const. art. V, Sec. 28 and La.C.C.P. art. 225 to appoint deputy clerks and hire other employees. La.R.S. 13:783(A) provides relative to the expenses of the clerk's office and states that "[t]he clerk shall employ all necessary deputies and assistants, fix and pay their salaries, and defray all expenses out of the clerk's salary fund (emphasis added)." You clearly have the authority to grant an employee a raise out of the clerk's salary fund if you decide to do so.
However, the question of whether an employee can be given a retroactive pay increase for work already performed must be addressed in light of La.Const. art. VII, Sec. 14, which provides, in pertinent part, as follows:
"Section 14(A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private . . ."
This constitutional provision is violated "when public funds or property are gratuitously alienated." Board of Directors of the IndustrialDevelopment Board of the City of Gonzales, Louisiana, Inc. v. AllTaxpayers, Property Owners, Citizens of the City ofGonzales, et al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20 *Page 2 
(the "Cabela's" case). Based on the standard articulated inCabela's, it is our opinion that in order for an expenditure of public funds to be permissible under La.Const. art. VII, Sec. 14(A), the entity spending the funds must have the legal authority to so do and must be able to show: (i) a public purpose for the expenditure or transfer that comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds.
Paying an employee extra compensation in addition to what is owed to her for work that has been done in the past when the employer is under no legal obligation to do so is payment of a bonus. This office has consistently opined that the payment of a bonus, or any other gratuitous, unearned payment to public employees is prohibited, is not legal as it is a violation of La.Const. art. VII, Sec. 14(A). La. Atty. Gen. Op Nos. 79-1352, 80-806, 80-1095, 81-1044,85-908, 86-88, 86-639, 88-344, 89-190, 91-383, and 06-0220; see also State v. Davis,539 So.2d 803, 810 (La. App. 3 Cir. 1989) (stating, "[w]ithout question, bonuses paid from public funds are not legal as they are in violation of Subsection (A) of Section 14 set forth above."). Additionally, this office has previously determined that payments of additional compensation to public employees, to be constitutionally valid, must be in the form of salary increases for future services to be rendered, not extra compensation for past services already rendered and recompensed.[1] La. Atty. Gen Op. No. 05-0060; see alsoMcElveen v. Callahan,309 So.2d 379, 381 (La. App. 3 Cir. 1975), writ denied,313 So.2d 602 (La. 1975), wherein the court stated "[p]ayments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered." Each of these opinions was written and released when City of Port Allen v. La. Municipal RiskManagement Agency, Inc. et al, 439 So.2d 399 (La. 1983) was the seminal case interpreting La.Const. art. VII, Sec. 14. However, we believe the outcome remains the same when applying the Cabela's
analysis. If the clerk's office paid an employee for work she willingly completed in the past (and for which she was already compensated), it would not be receiving anything of equivalent value in return. This amounts to a gratuitous donation of public funds, which as explained inCabela's, violates La.Const. art. VII, Sec. 14. See
La. Atty. Gen. Op. No. 07-0050. *Page 3 
The question of whether the extra compensation you would like to pay an employee for services she rendered above and beyond her regular duties is a gratuitous unearned payment (i.e., a bonus) or retroactive payment of earned compensation depends upon the facts in your individual situation. As such, we cannot opine as to your individual situation and can only give the general opinion that if the clerk's office had not previously obligated itself to pay the employee extra compensation (i.e., a raise), then it cannot pay the employee more than she is owed for extra work completed in the past. To do so would be paying a public employee a bonus in violation of La.Const. art. VII, Sec. 14(A). As clerk of court, you do have the authority under La.R.S. 13:783(A) to grant your employee a raise, with prospective application only.
You have also asked whether any law prohibits an employee from working in more than one department (presumably that are funded by the same political subdivision). State law regulating dual public employment prohibits one from holding two positions of full-time employment, but does not prohibit the holding of two positions if one is held on a part-time basis. La.R.S. 42:63. The determination of whether two employments are incompatible under the dual officeholding laws is a factual determination which hinges upon several specific factors, such as whether the employee is elected or appointed, part or full time, what the two positions are that the employee wishes to hold, etc. Therefore, there is not a general answer to this question.
We trust this adequately responds to your request. However, if our office can be of further assistance, please do not hesitate to contact us.
Yours very truly,
JAMES D. "BUDDY" CALDWELL Attorney General
By: _____________________ Lindsey K. Hunter Assistant Attorney General
JDC/LKH/crt
[1] In the context of salary increases, the payment of earned compensation retroactive to the time at which the state or a political subdivision obligated itself to make such a payment is distinguishable from "extra compensation for past services rendered" in that the compensation is not "extra." The compensation due or earned compensation of an employee is that which an employer is required to pay pursuant to its obligation(s) to the employee. It is a payment outside of any such obligation(s) that would constitute "extra compensation for past services rendered" if distributed as a salary increase with retroactive effect. The prospective application analysis should relate to the salary increase being prospective from the point at which the obligation was created.