Dear Mr. Neilson:
In your capacity as administrator of the Waterworks District No. 1 of DeSoto Parish ("District"), you ask the opinion of this office concerning the proper way for the District to pay a one-time salary supplement to its employees. You advise that the healthy local economy, spurred by the Haynesville Shale District, has created a local labor shortage. As a result, the District has encountered some difficulty retaining qualified employees due to the availability of other higher-paying private employment.
The Haynesville Shale activity has likewise generated an increase in income for the District. The Board of Commissioners for the District ("Board") would like to use this extra income to fund a salary increase to retain its employees. The Board remains hesitant to grant a base salary raise to its employees because it is uncertain how long the increased revenues from the shale activity will persist. In order to retain its employees while exercising fiscal caution, the Board would like to pay a one-time salary supplement to each of ten public employees of the District.
You also advise that the Board is cognizant of the prohibition on bonuses to public employees, and that the contemplated payment is a "salary supplement" rather than a bonus. Indeed, this office has consistently opined that Article VI, Section 14(A) of the Louisiana Constitution prohibits the payment of a bonus, or any other gratuitous unearned payment, to public employees. La.Atty.Gen.Op. Nos. 09-260, 06-220, 00-29, 05-060, 99-307, 95-323, 95-165, 92-295, 92-282, 89-190, 88-344, 86-639, 83-940-A, 81-1329 and 80-806; see also State v. Davis,539 So.2d 803, 810 (La.App. 3 Cir. 1989)("Without question, bonuses paid from public funds are not legal as they are in violation of Subsection (A) of Section 14." (citations omitted)). Of course, whether or not a particular payment passes constitutional muster depends not on the label attached to the payment — "bonus" or "salary supplement" — but on whether the payment is a prohibited donation of state funds. *Page 2 
The relevant constitutional provision is Article VII, Section 14(A) of the Louisiana Constitution:
Section 14. (A) Prohibited Uses. Except as otherwise provided by this constitution, the funds, credit, property, or things of value of the state or of any political subdivision shall not be loaned, pledged, or donated to or for any person, association, or corporation, public or private.
La.Const. art. VII, § 14(A). In a 2005 case considering the constitutionality of the tax increment financing agreement for the Cabela's Retail Center in the City of Gonzales, the Louisiana Supreme Court adopted a new standard for this constitutional provision, holding that a violation of Article VII, Section 14(A) occurs "when public funds or property are gratuitously alienated." Board of Directors of theIndustrial Development Board of the City of Gonzales, Louisiana, Inc. v.All Taxpayers, Property Owners, Citizens of the City of Gonzales, et
al., 2005-2298 (La. 9/6/06), 938 So.2d 11, 20 ("Cabela's").[1] With the advent of the Cabela's decision, this office has opined that in order for an expenditure of public funds to be permissible under Article VII, Section 14(A) of the Louisiana Constitution, the public entity must have the legal authority to make the expenditure and must show: (i) that a public purpose for the expenditure or transfer comports with the governmental purpose for which the public entity has legal authority to pursue; (ii) that the expenditure or transfer, taken as a whole, does not appear to be gratuitous; and (iii) that the public entity has a demonstrable, objective, and reasonable expectation of receiving at least equivalent value in exchange for the expenditure or transfer of public funds. See La. Atty. Gen. Op. Nos. 10-0171, 09-0271, 09-0259, 09-0251, 09-0146, 08-0263 and 07-0050A.
Applying the Cabela's standard to the proposed supplemental salary payments, the District satisfies the preliminary requirement insofar as it has the legal authority to determine the compensation of District employees. It also appears that the retention of skilled and experienced District employees is a valid public purpose that comports with the District's responsibility to provide water utility services within its boundaries, thus satisfying the first element of the analysis.
The main issue for consideration appears to be whether the one-time supplemental salary payment satisfies the second element of the Cabela's
standard, to wit, whether *Page 3 
the payments, taken as a whole, appear to be gratuitous. Cabela's,938 So.2d at 20. This prohibition of gratuitous payments is identical to the law set forth in previous opinions of this office, in which we stated that Article VI, Section 14(A) of the Louisiana Constitution prohibits the payment of a bonus, or any other gratuitous unearned payment, to public employees. See citations, supra, at p. 1 (emphasis added). It is therefore the opinion of this office that the prohibition of bonuses and other gratuitous unearned payments to public employees remains in place under the new standard for Article VII, Section 14(A) of the Louisiana Constitution, and we reaffirm the prior opinions of this office prohibiting such payments.
A contract is gratuitous when one party obligates himself towards another for the benefit of the latter, without obtaining any advantage in return. La.Civ.C. art. 1910. In order to determine whether a particular payment is gratuitous, the Cabela's court placed particular emphasis on the existence of reciprocal obligations:
The non-gratuitous nature of the Project is also plainly demonstrated by the obligations imposed by the project documents upon Cabela's and Carlisle in exchange for the State's and City's participation in the Project.
Id. at 22; see also La.Atty.Gen.Op. No. 08-0263. The requirement of a reciprocal obligation renders the payment onerous, rather than gratuitous, since it ensures that the state will obtain some "advantage in return." La.Civ.C. art. 1910.
The facts provided to our office include no evidence of any reciprocal obligation on the part of the District employees in exchange for the supplemental salary payments. It appears that the employees would be free to accept the payments and then terminate their employment by the District. The mere hope that the recipients of the supplemental salary payments will continue their employment, without any corresponding legal obligation on the part of the recipient, is insufficient to classify the payments as onerous rather than gratuitous. Under the reasoning of the supreme court in the Cabela's case, the proposed supplemental salary payment is a gratuitous payment prohibited by Article VII, Section 14(A) of the Louisiana Constitution.
The lack of a reciprocal obligation is not the only constitutional infirmity found in the proposed supplemental salary payment. As noted above, the purpose of the proposed supplemental payment is the retention of employees who are already trained and certified in their areas of responsibility. We understand that the District seeks to obtain the "advantage" of retaining its employees and avoiding the costs and disruptions in service that may result from training new employees. Nevertheless, the employee is already compensated for his or her continued employment by means of the salary paid *Page 4 
by the public employer. At its essence, a lump-sum retention payment is a reward to current employees for the training and experience they have already completed while on the public payroll. It has long been recognized that Article VII, Section 14(A) prohibits any additional compensation for work already completed and recompensed:
Payments to be legal must be in the form of salary increases for the future, not extra compensation for past services rendered.
McElveen v. Callahan, 309 So.2d 379, 381 (La.App. 3 Cir. 1975), writdenied, 313 So.2d 602 (1975), see also La.Atty.Gen.Op. Nos. 06-0220, 95-323. Various methods attempting to disguise constitutionally prohibited extra compensation for past services rendered and recompensed have been found to be equally invalid. La.Atty.Gen.Op. No. 95-323. As such, this office has consistently observed, and re-affirms herein, that payments of additional compensation to public employees, in order to be constitutionally valid, must be in the form of prospective salary increases. Id.
It is therefore the opinion of this office that Article VII, Section 14(A) of the Louisiana Constitution prohibits the additional compensation in the form of supplemental salary payments contemplated by the District for purposes of retaining their employment.
We remain mindful that it is in the best interest of the District to retain employees who have been trained and certified. If the District finds it necessary and cost-effective to increase the compensation of certain employees in order to retain their services, the Board may grant a prospective salary increase to those employees. Should future revenues decrease to the point that the salary increases cannot be maintained, the District is free to reduce the salaries of the employees at such time.[2]
Indeed, it stands to reason that a salary increase is more likely to achieve the desired result, since the affected employees would have to continue their employment with the District in order to enjoy the full benefits of the salary increase.
We trust that this opinion adequately responds to your request, and thank you for the opportunity to be of service. If you have any questions or comments, please contact our office. *Page 5 
Sincerely yours,
JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL
BY:__________________________ Charles W. Belsom, Jr. Assistant Attorney General
JDC:CWB:lrs
[1] Under the prior interpretation of Article VII, Section 14(A), payments were prohibited "whenever the state or a political subdivision [sought] to give up something of value when it [was] under no legal obligation to do so." City of Port Allen v. Louisiana Municipal Risk,439 So.2d 399, 401-02 (La. 1983) (citations omitted). The Cabela's court expressly rejected this prior interpretation in favor of the new standard. Cabela's, 938 So.2d at 20.
[2] It is our understanding that the affected employees hold unclassified positions with the District.